MULHOLLAND ET AL. v. D. M., A. & W. R. Co. ET AL.

LOOMIS v. SAME.

GALLUP v. SAME.

1. **Railroads**: RIGHT OF WAY ALONG CITY STREETS: COMPENSATION TO ABUTTING LOT OWNERS: HOW ENFORCED. Under section 464 of the Code, where a city council has granted to a railroad company the right to locate and construct its road along one of the city streets, it is the duty of the company, and not of the abutting lot owners, to have the damages to such lot owners ascertained and assessed, in the manner provided in Chapter 4, Title 10, of the Code, before locating and laying down its track along such street; and in case the company fails to perform this duty, the remedy of the lot owners is, not to have their damages assessed by a sheriff's jury, but to bring actions at law to recover their damages.

2. ——: ——: ——: STATUTE CONSTRUED AND APPLIED TO ROAD PARTIALLY BUILT. While it is true, that, prior to the adoption of the Code, a railroad company had the right to locate, construct and operate a railroad along and over a town or city street, without obtaining the consent of the town or city council, or compensating abutting property owners, yet a company which, prior to the taking effect of the Code, had obtained the consent of a town council to locate and construct its road along one of the streets of the town, and had so far taken possession of the street as to construct the earth work for its road, did not thereby obtain such vested right as to enable it to complete its road and lay down its track *after* the adoption of the Code, without compensating the owners of property abutting on the street, as provided by section 464 of the Code. It is the location and laying down of the *track* which entitles the abutting property owners to compensation.

3. ——: ——: ——: STATUTE OF LIMITATIONS. A cause of action does not accrue to the owners of abutting property against a railroad company for damages on account of the building of a railroad along a city street, until the track is laid down, and, until that time, the statute of limitations does not begin to run against such action.

*Appeal from Dallas Circuit Court.*

FRIDAY, OCTOBER 20.

THE petitions, in substance, state that the plaintiffs are owners of certain real estate in the town of Adel, which abuts on Ferry Street in said town, and that defendants have constructed a railroad along said street, since the first day of September, 1873, and are operating the same, without having obtained the consent of the plaintiffs, and without having their damages assessed as provided by law. To recover such damages is the object of this action. The defendants filed answers to which demurrers were sustained and the defendants appeal.

*Parsons & Runnells* and *T. R. North*, for appellants.

*A. R. Smalley* and *Sickmon & Barclay*, for appellees.

SEEVERS, CH. J.—The answers to which demurrers were sustained are quite lengthy. The facts, we think, upon which

the questions discussed by counsel must be determined, may be briefly and sufficiently stated.

The fee or title to the streets in the town of Adel is in the public. In 1871, the Des Moines Western R. R. Co., a corporation duly organized for the purpose of constructing a railroad, located its road along Ferry street in the town of Adel. In 1872, the town council, by ordinance duly passed, granted said company the right to so locate and construct its road. In the same year the company took possession of the street so far as to enable it to construct the necessary earthwork upon and along the entire length of the street. The company became indebted to various persons, who obtained judgments on which executions were issued, under which the franchise and property of the company was sold, and the defendants are the owners thereof.

In 1879, the town counsel, by ordinance duly passed, reaffirmed the grant aforesaid, and confirmed the same to the defendants, who, thereupon, entered upon said street and road bed constructed thereon, and proceeded to complete the same, and laid down a railroad track. The defendants were organized under the general incorporation law since the adoption of the Code. The question to be determined is, whether the matters above stated constitute a defense to the action.

I. Section 464 of the Code provides that cities and towns have the "power to authorize or forbid the location or laying down of tracks for railways   *   *   *   *   *   on all streets, but no railway track can thus be located and laid down until after the injury to property abutting upon the street   *   *   *   *   *   upon which such railway track is proposed to be located and laid down, has been ascertained and compensated, in the manner provided for taking private property for works of internal improvement, as provided in chapter 4 title 10 of the Code."

It is insisted that the statute creates a right and prescribes a remedy. That, to obtain the former, the latter must be pursued and therefore the action will not lie. To our minds,

there are, at least, two conclusive answers to this proposition. *First*, it will be observed that the statute provides that the damages must be ascertained as therein contemplated before the "railway track" is "located and laid down." This implies that the company proposing to locate and lay down its track must have the damages ascertained in the statutory mode before doing so. No one else but the company can know when or where the location is to be made and the track laid down, until the work of construction has been commenced. *Second*. The provision is that the damages are to be ascertained and assessed as provided in chapter 4, title 10, of the Code. Turning thereto, it will be found that either the company or owner of the real estate appropriated for right of way may have the damages assessed, as therein provided, by a sheriff's jury. Code, § 1244; *Daniels v. The C. & N. W. R. R. Co.*, 35 Iowa, 129. But the plaintiffs do not own the fee, nor do they have any title whatever to the street appropriated by the defendants. The plaintiffs' claim of damages is not based on the fact that their property has been taken, but because they are owners of the property abutting on the street, and, therefore, under the statute, they are entitled to damages. There is no statute authorizing or requiring the plaintiffs in a case of this character to have their damages assessed by a sheriff's jury, or in any other manner than is sought to be done in this action. The provision in section 464 of the Code, as to the manner of assessment, must, therefore, be construed as referring exclusively to the company, and not to the abutting owner.

As the defendants have constructed and are operating the road along the street without having had the damages of the owners ascertained, they must be regarded as trespassers, and, therefore, this action will lie. *Park v. C. & S. W. R. R. Co.*, 43 Iowa, 636; *Drady v. D. M. & Ft. D. R. R. Co.*, 57 Iowa, 493.

II. Prior to the adoption of the Code, railroad companies had the right to locate, construct and operate a railroad

along and over a street in a city or town, without obtaining the consent or compensating the owner of property abutting on the street. This being so, it is insisted that the grant from the town of Adel to the Des Moines and Western Company, the acceptance thereof and partial construction of the road before the adoption of the Code, invested such company with the right to complete the construction by laying down its track and operating its road; that such right was a vested right, of which the company could not be constitutionally deprived.

It is further insisted that the defendants became and are invested with all the rights of the Des Moines and Western Company. Without stopping to inquire if this is so it will be conceded. It is also insisted that section 464 of the Code does not and was not intended to apply to partly constructed roads; "that the right to finish the construction and operate such a road was an accruing right when the Code took effect, and was not affected thereby.

*First.* As to the vested right. It is not and cannot be successfully maintained that the right to locate its road along the street in question by the Des Moines Western Company, without compensating owners of abutting property, was a charter right granted by the state when the company became incorporated under the general incorporation law. The state made no such contract with said company. The right to so locate its road was obtained under and by virtue of the general statutes of the state. But the state in granting the charter did not contract that those statutes would not be at some future day amended or repealed. It was expressly held in *Drady's* case that there was no implied contract between the state and a corporation organized, under the general incorporation law; that the statutes in force when the corporation was organized could not be changed and thereby the franchise rendered more burdensome or less lucrative. It seems to us that the state cannot be thus bound hand and foot, and progress stopped by corporations of any kind or character, unless, at least,

the state has so expressly contracted, and we are not sure that this is not debatable.

But, under the prior statutes, the right to locate a railway along a street was not absolute and unconditional. It was at least subject to equitable and police regulations, *C., N. & S. W. Railway Company v. The Mayor etc.*, 36 Iowa, 299. The right to acquire the right-of-way for, locate and construct a railway, exists to the same extent now that it did prior to the adoption of the Code, except that cities and towns may now grant or forbid such location and construction along a street, and if the right is granted, owners of abutting property must be compensated. At most, this makes the franchise previously acquired more burdensome and less lucrative only. As the state made no contract with the corporation, except the grant of the franchise under the conditions and limitations of the general incorporation law, the Des Moines Western Company did not, under the general statutes of the state, acquire a vested right to locate its road along the street in question. It was, therefore, competent for the General Assembly to provide that cities and towns might forbid the construction of railways along a street, or, if the right was granted compensation should be made as provided in section 464 of the Code. The franchise would still exist, the right-of-way could still be procured, and the road constructed.

*Second.* Does § 464 of the Code apply to partly constructed roads. That it applied to an additional track laid down in a street by a constructed road, was held in *Drady's Case.* We do not believe there is or can be a distinction between a constructed and a partly constructed road, in the particular indicated. It will be observed that the statute provides that "no railway track can thus be located and laid down until after the injury to property abutting on the street * * has been ascertained." It is the location and laying down of the track that entitles the abutting owner to compensation, and, as no contract or vested right is impaired, we are unable to see why the statute does not apply to a road

on which the track was not laid when the statute took effect. In terms it applies to such a road, for none are excepted, unless it be those theretofore constructed and operated. Corporations, like natural persons, engage in business and acquire rights and property under the general statutes of the state with full knowledge that they may be changed from time to time, as the policy of the state may dictate. Of necessity this must be so, and it cannot be said that the state has contracted with any one to maintain existing statutes for all time to come. As the town of Adel has not attempted to deprive the defendants of the grant made to the Des Moines Western Company, we are not called on to determine whether it could have done so or not.

The town granted the right to construct the road. The grant was silent as to whether the owners of abutting property should be compensated. Before the track is laid down the General Assembly provides, that such act cannot be done until such owners are compensated. We think it had the constitutional power and authority to do so.

III. The defendants pleaded the statute of limitations. As has been above stated, the damages sought to be recovered accrued to the plaintiffs when the track was laid down, and this was not done until 1879. It follows that a cause of action did not accrue until that time, and, therefore, the bar of the statute was not complete when the action was commenced.

AFFIRMED.