WILSON v. THE DES MOINES, OSCEOLA & SOUTHERN R'Y CO.

1. **Railroads:** OCCUPATION OF ALLEY: DIMINUTION OF RENTAL VALUE OF PROPERTY: EVIDENCE. Where the question related to the diminution of the rental value of town property by reason of the construction and operation of a railway over and along an adjacent alley, *held* that it was proper to show how the occupants of the property were annoyed by the noise, escape of fire from engines, etc., by the operation of the road.

2. ——: ——: ACTION BY ABBUTTING LOT OWNER: SUBSEQUENT ASSESSMENT OF DAMAGES ON COMPANY'S MOTION NO BAR TO ACTION: EVIDENCE. Defendant built its road along an alley adjacent to plaintiff's town property, without first compensating plaintiff for his damages, as required by § 464 of the Code. Plaintiff brought this action to recover his damages. Defendant pleaded, as in bar of the further prosecution of the action, that subsequent to the beginning of the action it caused plaintiff's damages to be ascertained, in the manner provided by law, and that such assessment was made as of the time when the road was constructed in the alley, and interest was computed thereon up to the date of assessment, and that plaintiff had appealed from the award. Evidence offered in support of this defense was excluded upon plaintiff's objection. *Held* that it was rightly excluded, because there was no warrant in law for the assessment of plaintiff's damages prior to the date of the assessment, and that the plea was no defense to the action as to such damages.

*Appeal from Clarke Circuit Court.*

FRIDAY, DECEMBER 11.

THE plaintiff is the owner of two lots in the town of Osceola, upon which his dwelling-house and out-buildings are situated. There is a street in front of his lots, and an alley in the rear, which is about twenty feet wide. The defend-

ant constructed its railroad along the alley, and laid down two railroad tracks therein, so that the plaintiff was prevented from having access to his barn by way of the alley. This action was brought to recover damages for so obstructing the alley. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*McIntire Bros.*, for appellant.

*W. B. Tallman*, for appellee.

Rothrock, J.—I. The plaintiff, in his petition and amended petition, set out at great length the manner in which his property was injured and he was damaged. In response to a motion filed by the defendant, the court struck out all claims for damages, excepting the diminution of the rental value of the plaintiff's property from the time the alley was obstructed by the defendant up to the commencement of the suit. The plaintiff excepted to this ruling, but did not stand upon his exception. The cause was tried to the jury, in accord with the ruling of the court, and the charge to the jury directed that the measure of damages was the difference in the rental value occasioned by appropriating the alley of the defendant, from the time of such appropriation to the commencement of the suit. The plaintiff made no objection to the instruction, and does not appeal. It will thus be seen that the ruling of the court narrowed the plaintiff's claim down to a single injury.

In the introduction of the evidence the court permitted the plaintiff to show how the occupants of the property were annoyed by the noise, escape of fire from engines, etc., by the operation of the road. The defendant objected to this evidence. The court admitted the evidence, upon the ground that all the facts attending the use and operation of the railroad were proper to be given in evidence as bearing upon the

1. RAILROADS: occupation of alley: diminution of rental value of property: evidence.

rental value of the property. We think the ruling of the court was correct. The jury were required to determine the rental value, and it was maifestly proper to put them in possession of all the facts attendant upon the occupation of the alley by a railroad.

II. The railroad was constructed in the alley about the month of March, 1882. This action was commenced on the first day of February, 1883. It is alleged in the answer that, before laying down the track in the alley, the town council of Osceola granted to the defendant the right to do so, and this fact is not disputed. The defendant further averred that on February 21, 1883, the defendant caused a sheriff's jury to be impaneled, to assess the damages to the plaintiff by reason of the construction of the road, and that said jury did in due and legal form assess said damages, and that such assessment was made as of the time when the railroad was constructed in the alley, and interest computed thereon up to the date of assessment. It was claimed in the answer and upon the trial that the assessment so made was a bar to the further prosecution of this case for damages. The court below did not so regard it; and when the defendant sought to introduce the assessment in evidence, an objection to the same by the plaintiff was sustained. The defendant also offered to show that the plaintiff had appealed from the award of the sheriff's jury to the circuit court, and this evidence was excluded. Complaint is made by the defendant because the court did not, in its charge to the jury, state all the issues, in that the answer in bar, founded upon the award, was not in any manner called to the attention of the jury. The court evidently was of the opinion that the award was no defense to this action. If this was a correct view of the case, the ruling made in excluding the evidence of the award took that question away from the jury, and any reference to it in the instructions, other than a statement that it was not to be considered, would have been improper. The defendant con-

*Margin note:* 2. ——: ——: action by abbutting lot owner: subsequent assessment of damages on company's motion no bar to action: evidence.

tends that the assessment made by the sheriff's jury was a bar to the action, and that the circuit court erred in not so holding. This is the material question in the case.

It is not claimed by the defendant that the plaintiff did not have a right of action when the suit was commenced. The claim is that when the right of way was condemned, and interest allowed on the damages from the date of laying down the railroad tracks in the alley, the plaintiff's right to prosecute the action should cease from that time. Appellant relies upon *Conger v. Burlington & S. W. R'y Co.*, 41 Iowa, 419. That case does not determine the question now under consideration. A very cursory reading of the opinion demonstrates the statement we make. The difference between the cases is so obvious that we cannot be expected to take the time and space to point it out. Further reliance is had on the case of *Daniels v. Chicago, I. & N. R. Co.*, 41 Iowa, 52. In that case the railroad company entered upon plaintiff's lot, and used it for railroad purposes, without instituting condemnation proceedings. The plaintiff brought an action of ejectment, and recovered judgment. *Daniels v. Chicago, & N. W. R'y Co.*, 35 Iowa, 129. Thereupon the defendant caused the plaintiff's damages to be assessed under the statute. It was held that the measure of compensation to which plaintiff was entitled was the damages he suffered at the date of the occupation of the lot by the railroad company, with interest. Under the statute applicable to that case, it was held that there was no provision of law prohibiting the corporation from entering upon the land prior to the assessment, or requiring the assessment to be had before the land was occupied; that either party was authorized to institute proceedings for the assessment of the land-owner's damages; that the land-owner in that case could have instituted the statutory proceedings at any time; and that the railroad company held the land at the sufferance of the owner.

The rights of the parties in the case at bar are quite different. Section 464 of the Code provides that no railroad track

can be laid down in any street "until after the injury to property abutting on the street  *   *   *   upon which such railway track is proposed to be laid down has been ascertained and compensated in the manner provided for taking private property for works of internal improvement, as provided in chapter 4, title 10, of the Code." In the case of *Mulholland v. Des Moines, A. & W. R. Co.*, 60 Iowa, 740, it was held that, under this provision of the statute, the land-owner is not authorized to cause a sheriff's jury to assess the damages, and that the corporation is alone authorized to institute such proceedings, and that such proceedings should be had before property is entered upon or appropriated. It will thus be seen that there is no authority for an assessment of damages now for then, or running back to the time when the railway was located and constructed in the street or alley. This act was done by the defendant in direct violation of a plain provision of the statute, and for which it is liable in damages. And it appears to us that it is the plaintiff's right to recover such damages as he sustained up to the commencement of his suit, or until a new appropriation of the land was made by the assessment of the damages and condemning the right to use the alley for railroad purposes. As the plaintiff had no right to institute the proceedings, and the defendant is required to do so before locating its line and laying down its tracks, it seems to us that it is fair and equitable to require the defendant to pay the proper damages down to the time that it commences anew to appropriate the right which, under the statute, may be regarded as a new entry upon the street and appropriation of the right. We think the ruling of the court below was correct.

III. There are other questions made by counsel for appellant. They do not appear to us to be well taken; and, if they were such as to demand serious consideration, we would be precluded from examining them, because the assignments of error are not sufficiently specific.

AFFIRMED.