The Merchants' Union Barb Wire Co. v. The Chicago, Burlington & Quincy R'y Co.

1. **Railroads**: RIGHT OF WAY ON STREET: ORDINANCE. An ordinance of a city, granting right of way for a railroad along a street, but restricting the company to the use of the north side of the street, was not prohibitory in such a sense that its repeal was necessary to the validity of a subsequent resolution giving the same company a right to use the south side of the street for another track.

2. ———: ———: GRANT BY CITY: HOW MADE. A city may grant the right of way in its streets to a railroad company, under § 464 of the Code, by resolution or vote duly recorded. No ordinance is necessary for that purpose.

3. ———: ———: DAMAGE TO ABUTTING LOT-OWNERS: CONTINUING TRESPASS. Where a railroad company, prior to the enactment of § 464, Code of 1873, commenced the use of a city street for its tracks, it did so free from any claim for damages by abutting lot-owners, and cannot now be made liable therefor; but where, since the enactment of said section, the same company built another track on the same street, under authority from the city, without compensation to abutting lot-owners, the occupation of the street with such second track constitutes a continuing trespass and nuisance, for which any abutting lot-owner may recover. And if no recovery is had which will compensate for the

future and continuous occupancy of the street, the grantee of the owner may maintain an action for the injury which he sustains thereby.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 29.

ACTION to recover damages for injuries sustained by reason of the construction by defendant of side tracks of its railroad upon portions of a street whereon plaintiff's lots abut, upon which its manufactory is situated. A demurrer to the answer of defendant was sustained, and from this judgment it appeals.

*Wright, Cummins & Wright*, for appellant.

*Whiting S. Clark*, for appellee.

BECK, J.—I. The defendant's answer shows that it has constructed and used two side tracks on the south side of Vine street, in the city of Des Moines, in front of plaintiff's premises. The most southerly was constructed in 1870; the other, since May 14, 1874. It is further shown that in 1866 the right was granted to defendant by the city to construct and maintain its railroad track and side tracks upon Vine street, but requiring that, upon the part of the street whereon plaintiff's lots abut, the defendant shall build its track on the north side. The answer alleges that the more southerly of the two tracks was ·constructed by defendant pursuant to authority confirmed by a resolution of the city council passed in May, 1874, which was adopted upon the petition of certain owners of lots abutting upon the street; but it is not averred that the owners of the lots upon which plaintiff's manufactory is situated united in the petition. It is shown by the answer that the resolution was passed without objection or dissent, but it was not read on three successive days, nor were the rules pertaining to the action of the council in passing ordinances suspended, and the records

of the council do not show whether the yeas and nays were called upon the adoption of the resolution. The other track was laid under authority of a like resolution passed prior to 1874, which was adopted in the same manner pursued in the case of the other resolution. Other allegations of the answer need not be recited. To the counts of the answer setting up matters above recited, and pleading authority to build the side tracks under the resolution of the city council, the plaintiff demurred; and defendant appeals from an order sustaining the demurrer.

II. It will be observed that defendant claims the right to maintain side tracks under separate authority from the city council granted by resolutions. We will first proceed to inquire whether it was competent for the city council, under the facts of the case, to confer the authority by resolution, vote, or other action, not in the form of an ordinance, and not passed or had in the manner prescribed for adopting ordinances.

It is first insisted that the ordinance of 1866 granting the right of way to defendant expressly excludes it from occu-

1. RAILROADS: right of way on street: ordinance.

pying the south side of the street, and that the right to occupy that side could only be conferred by ordinance repealing or amending the prior ordinance. We need not determine whether that ordinance could be amended, repealed or suspended by resolution or vote of the city council. In our opinion, the ordinance simply grants the right of way in the north half of the street, and is not a restriction, in the nature of a prohibition, against the occupancy of the south side. That side was left by the ordinance just as the whole street was before the ordinance was passed. No consent was given to its use by the plaintiff. The ordinance, in express terms, reserves the power in the city to grant the right of way in the street to other railroads, if it should not interfere with the use of the tracks of defendant. It surely cannot be that the city

intended more than a simple reservation of the south side of the street. No other conclusion can be fairly drawn from the language of the ordinance. The city, having reserved the south half of the street, could, of course, by subsequent action properly had, grant it to the defendant without any amendment, modification or repeal of the ordinance of 1866.

III. In our opinion the city may grant the right of way in the streets to a railroad company, which is simply permission to construct the railroad thereon, under prescribed restrictions, by resolution or vote duly recorded. There exists no necessity for expressing this grant of authority by ordinance, as the statute (Code, § 464) conferring authority upon a city to authorize or forbid the construction of railway tracks in its streets does not prescribe the manner of exercising the authority, whether by ordinance, resolution, or vote duly recorded. The statute being silent upon this subject, the authority may be exercised by resolution duly passed, or vote duly taken, appearing in the proper record of the city. *State v. Jersey City*, 27 N. J. Law, 493; *City of Quincy v. Chicago, B. & Q. R. Co.*, 92 Ill., 21; *Sower v. Philadelphia*, 35 Pa. St., 231; *First Municipality v. Cutting*, 4 La. Ann., 335; *State v. Henderson*, 38 Ohio St., 644. We conclude that the resolution authorized defendant to construct the side tracks.

IV. We shall now proceed to inquire as to the effect of this municipal action upon the right of the plaintiff to maintain this suit. In 1870, when the first side track was constructed, the cities of this state had no authority to permit or prohibit the construction of railroads over or along their streets. Their authority touching railways so constructed only extended to their equitable control. Nor could owners of lots abutting on the streets recover damages for the use and occupancy of the streets by railroads. Defendant, having commenced the use of the first side track at the time when it

*[margin note: 2. —— : —— : grant by city: how made.]*

*[margin note: 3. —— : —— : damage to abutting lot owners: continuing trespass.]*

was authorized so to do, free from the claim of abutting lot owners for damages, cannot now be made liable therefor. It is needless to cite decisions in support of these views. We do not understand that they are denied by plaintiff's counsel.

V.   At the time the second or more northerly of the side tracks was built, the statute provided that the city could permit or forbid its construction; but, if permitted, THE SAME. the owner of abutting lots was entitled to compensation, to be ascertained and rendered in the manner herein prescribed.    Code, § 464.    The defendant, having built its side track without compensation to the abutting lot-owners, and without taking steps to cause their damages to be ascertained in the manner prescribed by the statute, occupies the part of the street upon which it is built unlawfully. The occupation of the street by the side track is a continuing trespass and a nuisance, for which any owner of the lot may recover.   If no recovery is had by the lot-owner for the trespass and nuisance which will compensate for the future and continuous occupancy of a street by a railroad, his grantee may maintain an action for the injury he sustains thereby. In support of these views, see the following decisions of this court: *Mulholland v. Des Moines, A. & W. R. Co.*, 60 Iowa, 740; *Drady v. Des Moines & Ft. Dodge R. Co.*, 57 Id., 393; *Cain v. Chicago, R. I. & P. R. Co.*, 54 Id., 255; *Donald v. St. Louis, K. C. & N. R. Co.*, 52 Id., 411; *Park v. Chicago & S. W. R'y Co.*, 43 Id., 636; *Hibbs v. Chicago & S. W. R'y Co.*, 39 Id., 340; *Daniels v. Chicago & N. W. R. Co.*, 35 Id., 129; *Daniels v. Chicago, I. & N. R. Co.*, 41 Id., 52; *Conger v. Burlington & S. W. R. Co.*, Id., 419; *Stange v. City of Dubuque*, 62 Id., 303.

We reach the conclusion that plaintiff's demurrer to defendant's answer, so far as it sets up a defense for injuries sustained by reason of the occupancy of the street by the side track last constructed, was rightly sustained.

                                                AFFIRMED.