STOUGH v. THE CHICAGO & NORTHWESTERN R'Y CO.

WOODWORTH v. THE SAME.

71 641
89 322

71 641
91 537

1. **Railroads on Streets:** DAMAGES TO LOT-OWNERS: APPRAISEMENT BY SHERIFF'S JURY. The owners of lots abutting upon a city street on which a railway has been built cannot have their damages ascertained by a sheriff's jury in the method prescribed for the condemnation of right of way. (*Mulholland v. Des Moines, A. & W. R'y Co.*, 60 Iowa, 740, followed.)

2. **Appeal:** QUESTION OF JURISDICTION NOT WAIVED. The claim that a tribunal acted without jurisdiction of the subject-matter in making a certain order is not waived by appealing from the order, but the question of jurisdiction may be determined on the appeal. (Compare *Spray v. Thompson*, 9 Iowa, 40.)

3. **Procedure:** WHEN NO JURISDICTION OF SUBJECT-MATTER. When a court has determined that it has no jurisdiction of the subject-matter of an action, it cannot properly consider any other question raised in the case.

*Appeal from Kossuth Circuit Court.*

FRIDAY, JUNE 10.

THESE causes involve the same questions, and are submitted upon the same abstract and argument. They are special proceedings by which the plaintiffs seek, by a sheriff's jury, to ascertain the damages to which they claim they are entitled by reason of the construction of a railroad upon certain streets in the city of Algona, upon which streets the plaintiffs own abutting real estate. The damages were assessed by the sheriff's jury, and the railroad company appealed from the assessment to the circuit court. The defendant filed a motion to set aside and cancel the assessment on two grounds, as follows: "(1) The plaintiffs are not entitled to any damages, because defendant's railway merely crosses said streets. (2) Plaintiffs had no right to cause their damages to be assessed by a sheriff's jury." The court overruled the motion on the first ground, and sustained it on the second

ground, and dismissed the proceedings at the plaintiffs' cost. Plaintiffs appeal.

*Geo. E. Clarke,* for appellants.

*Hubbard, Clark & Dawley,* for appellee.

ROTHROCK, J.—I. It is provided by section 464 of the Code that cities and towns shall have power " to authorize or forbid the location and laying down of tracks for railways and street railways on all streets, alleys and public places, but no railway track can thus be located and laid down until after the injury to property abutting on the street, alley or public places upon which such railway track is proposed to be located and laid down has been ascertained and compensated in the manner provided for taking private property for works of internal improvement in chapter 4, tit. 10, Code 1873."

1. RAILROADS on streets : damages to lot-owners: appraisement by sheriff's jury.

In the case of *Mulholland v. Des Moines, A. & W. R'y Co.*, 60 Iowa, 740, it was expressly determined that the manner of assessing the damages provided for by section 464 of the Code referred exclusively to the company, and not to the abutting owner. That case was followed in *Wilson v. Des Moines, O. & S. R'y Co.*, 67 Iowa, 509. We cannot regard this as an open question, and must adhere to the construction of the statute already adopted.

But it is claimed that the jury selected by the sheriff was the same as had previously been selected at the instance of the railroad company, and that, under section 1245 of the Code, they were the legally constituted tribunal to assess all damages to the owners of real estate in the county, and that the railroad company, or any land-owner, may have the damages assessed by the jury thus selected, upon proper notice. This section has reference to land taken and appropriated for right of way. Under the construction placed upon section 464 of the Code by the cases above cited, the

owner of property abutting on a street has no right to pursue this method of ascertaining his damages.

It is further claimed ·that, if the proceeding was irregular and illegal because the owners of the abutting lots had no power to institute the condemnation proceedings, advantage could not be taken thereof by an appeal. It is said that the remedy, if any, was by *certiorari*. It is a general rule that objections to the jurisdiction of the court over the subject-matter of the action are never waived. They are not waived by an appearance of the defendant, nor by an appeal from a tribunal · having no jurisdiction to hear and determine the question presented. The sheriff's jury in this case had no power to act; it was without jurisdiction; and this question, we think, could properly be raised and determined upon an appeal. See *Spray v. Thompson*, 9 Iowa, 40.

**2. APPEAL:** question of jurisdiction not waived.

II. The defendant appealed because the court did not sustain the motion to dismiss, upon the ground that the railroad merely crossed the streets, and that plaintiffs were therefore not entitled to damages. It is manifest that the court was correct in refusing to entertain this ground of the motion. Having ascertained and determined that it had no jurisdiction of the subject-matter of the proceedings, it would have been improper to have undertaken to determine ·what the right of the parties would be if properly presented to the court for its· determination.

**3. PROCED-URE:** when no jurisdiction of subject-matter.

AFFIRMED.