PRATT ET AL. v. THE DES MOINES NORTHWESTERN R'y Co.
ET AL.

1. **Railroads:** ON CITY STREETS: DAMAGES TO ABUTTING LOT OWNERS:
STATUTE OF LIMITATIONS. An action against a railway company for
damages to the owner of a city lot, on account of the construction of the
railroad upon the street on which the lot abuts, does not involve title to
real estate by adverse possession, but is simply an action for damages
provided by statute in such cases; (see Code, § 464;) and such action is
barred in five years after it accrues. (*Merchants' Union Barb-wire Co.
v. Chicago, R. I. & P. R'y Co.*, 70 Iowa, 105, distinguished.)

2. ——: ——: ——: WAIVER: ACTION BY GRANTEE. Where in such
case the person who owns the lot before and at the time the railway is
built on the street consents to its building and waives his right to dam-
ages, neither he nor his grantee can afterwards revoke the license so
given, though given by parol only, and set up a claim for such damages.
(Compare *Cook v. Chicago, B. & Q. R'y Co.*, 40 Iowa, 451, and *Irish v.
Burlington & S. W. R'y Co.*, 44 Id., 380.)

3. ——: ——: ——: ASSIGNMENT BY CONVEYANCE OF LOT. One
who has a right of action against a railway company for damages to his
city lot on account of the building of a road on the adjacent street, does
not transfer his right of action by conveying the lot to another by war-
ranty deed after the road is built and in operation.

BECK, J., *dissenting.*

*Appeal from Dallas Circuit Court.*

TUESDAY, JUNE 28.

THE plaintiffs, Pratt and others, are the owners of certain
lots abutting on Ferry street, in the town of Adel, and
brought this action to recover damages caused by the con-
struction and operation of the defendants' road along said
street. It is stated in the petition that said road was con-
structed without the consent of the plaintiffs or their grant-
ors, and without condemnation proceedings, or the ascertain-
ment in any way of the damages sustained by the plaintiffs.
Plaintiffs claimed that the action involved a title to realty,
barred only in ten years by the statute of limitations, (Code,
§ 2529, subd. 5,) which defendants denied, and claimed that

the action was barred in five years under Code, § 2529, subd. 4. Trial ·by jury. Judgment for the plaintiffs, and the defendants appeal.

*Runnells & Walker*, for appellants.

*D. W. Woodin*, for appellees.

SEEVERS, J.— I. The defendants pleaded that the road was constructed along the street under and in pursuance of
1. RAILROADS: an ordinance of the town of Adel, and by and on city streets: damages to with consent of the owner of the real estate abutting lot-owners: described in the petition, and that more than five statutes of limitations. years had elapsed since a right of action had accrued. A demurrer to this portion of the answer was sustained. Counsel for the appellees contend that the action is not barred until ten years after it accrued, for the reason that a title to real estate by adverse possession cannot be obtained until that period has elapsed. We are unable to concur in this position, for the reason that the plaintiffs do not own the fee; nor do they have any title or interest whateven in or to the street. Their right to recover is not based on such right, but under the statute which provides that a railway track shall not be laid on any street until the damages of abutting lot-owners are ascertained in the. manner provided for taking private property for public use. (Code, § 464.) But for this statute the lot-owner would not be entitled to damages; and, as the defendants failed to have the damages ascertained as provided by law, it has been held that the lot-owner may maintain an action to recover such damages as he may have sustained. *Mulholland v. Des Moines, A. & W. R. Co.*, 60 Iowa, 740. But the extent of the recovery was not expressly determined in that case, nor in fact has it been done in any case ˙to which our attention has been called. The question in this is materially different from that class of cases in which it ˙appeared that property belonging to a person had been taken by a railroad company without an assess-

ment and payment of damages as provided by law. In such case the corporation takes, appropriates and acquires a permanent easement in and to the real estate. This cannot be done without compensation, to be ascertained and paid as provided by law. In the present case the easement or right to occupy the street was obtained from the town of Adel, under express statutory authority giving the municipality the power to make such a grant.

The only object of any condemnation proceedings that the defendants could have instituted would have been to ascertain the damages of the abutting owners; and in such proceeding permanent damages, or all damages the lot-owner was then or thereafter entitled to, would be the measure of the recovery, and of the defendants' liability. That is precisely the object of this action, and we think there is no well founded reason why the same measure of damages should not be the rule. The same kind of evidence can be introduced, and full and complete justice be done to both parties. It seems to us there is some warrant for this thought in the statute. It is not provided that any property shall be taken or condemned, but the whole object of the statute is to give the abutting owner such damages as he may have sustained. Now, it is practically immaterial how this is done. If it may be done in one way as well as another, then either may be well adopted. We are aware that it is said in *Merchants' Union Barb-Wire Co. v. Chicago, R. I. & P. R. Co.*, 70 Iowa, 105, that such an occupation of a street "is a continuing trespass and a nuisance, for which any owner of the lot may recover;" but the extent of the recovery was not determined in that case; nor was it determined at what time the action would be barred. Certain it is, however, that the question as to whether the action was barred was not expressly determined in the cited cases. As the demurrer admits that the action had accrued more than five years prior to the commencement of the action, we think the court erred in sustaining the demurrer.

II. It may be the defendants will be unable to prove that

the cause of action accrued as pleaded by them, and there-
fore it becomes necessary to determine at least some of the
other errrors assigned.

At the time the road was constructed, and prior thereto,
the property now owned by the plaintiffs belonged to one

2. ——: ——.
——: waiv-
er: action by
grantee.

Ward, and he conveyed it to the plaintiffs by
warranty deed in 1881, which it is conceded was
after the road had been constructed and operated.
Ward made no assignment of his right to damages to the
plaintiffs, unless the conveyance made by him had such an
effect.    The defendants sought to prove that Ward had con-
sented, either orally or in writing, that the defendant might
construct and operate the road along said street, and that he
so consented prior to the construction of the road, and prior
to the conveyance of the property to the plaintiffs.    Upon
the objection of the plaintiffs, the court refused to permit
such evidence to be introduced.    In so holding, we think the
court erred.    It may be that mere silence on the part of
Ward would not amount to what may be termed a license
to enter, or waiver of damages, and it will be so conceded.
The defendants offered to prove  that  he  expressly  con-
sented that the defendants might construct and  operate the
road along said street; and if the road was constructed in
pursuance to such consent, and money expended by the cor-
poration, it seems to us that neither Ward, nor his grantees,
who have no better right that he has, should now be permit-
ted to withdraw such consent, or to revoke the license; and
such is the rule in this state.    *Cook v. Chicago, B. & Q. R'y
Co.*, 40 Iowa, 451, and cases cited.    *Irish v. Burlington &
S. W. R'y Co.*, 44 Iowa, 380, as limited by the opinion on
rehearing, does not conflict with that case.

It may be, as counsel for plaintiffs contend, that a  perma-
nent interest in real estate cannot be acquired by a parol
license; and it will, for the purposes of the case, be con-
ceded.    But, as we have seen, Ward did not own the street,
or any interest therein.    All he was entitled to was damages;

and, clearly, he could by parol waive his right thereto. If he consented and agreed that the road might ·be constructed along the street, and the defendants constructed it, this, in our opinion, was a waiver of all damages. The time to make the claim was, then, before the defendants had expended money on the faith of his promise.

III. Ward owned the real estate in question when the construction of the road was completed, and a right of action accrued to him for such damages as he had sustained, unless he did something which would bar a recovery. This being so, did such right of action pass to the plaintiff simply by the conveyance of the property to them? When they obtained their title, the road had been constructed, and was daily operated. Of this they had full knowledge, and this action is brought to recover damages which had accrued to Ward prior to his conveyance. Besides this, Ward was, as we have seen, entitled to recover full or permanent damages. If this be so, it would seem to follow that he can recover such damages now. He has not transferred such right to the plaintiffs, nor has he made any assignment to them. The conveyance of the real estate did not, and could not, have the effect to transfer an accrued right to damages caused by reason of the construction of the road. We, therefore, are of the opinion that, under the conceded facts in the case, the plaintiffs are not entitled to recover.

It may be that what we have said conflicts with what may be said to be the logical result of the opinion in the *Merchants' Union Barb-Wire Case*, before cited.

REVERSED.

BECK, J., *dissenting.*—The injury sustained by plaintiff from the nuisance caused by the railroad is continuing; that is, each day plaintiff sustains injury. His damages may be recovered in one action for the future continuing damages. As no action was brought by him or his grantor, no compensation has been given for the damages. His enjoyment of

the land has been impaired since he became the owner.    I know of no reason or principle of law in the way of recovery by him.    *Merchants' Union Barb-Wire Co. v. Chicago, R. I. & P. R'y Co.*, 70 Iowa, 105, establishes a doctrine which supports his right to recovery.