[ The following opinions were retained on petitions for rehearing and did not come into my hands in time for insertion in their chronological order.—REPORTER.]

## HARBACH v. THE DES MOINES AND KANSAS CITY RAILWAY COMPANY.

**Railroads:** OCCUPANCY OF STREET : UNPAID JUDGMENT FOR DAMAGES : FORECLOSURE SALE OF ROAD : INJUNCTION AGAINST PURCHASER : FORMER ADJUDICATION : STATUTE OF LIMITATIONS. A railway company constructed its track upon a city street, without compensating K., the owner of an abutting lot, for his damages. K. began an action against the company to recover his damages, and also asked for an injunction. Plaintiff herein intervened in said action, claiming to be the owner of the property and entitled to the damages. He did not ask for an injunction, but a judgment for damages was rendered against the company in his favor, which, however, was never paid. When said action was begun, there was pending in the federal court a foreclosure proceeding, under which the railroad was sold, and defendant herein became the owner thereof. In this action to enjoin defendant from maintaining and operating its road on the street aforesaid, held—

(1) That the construction and maintenance of the road in the street, without ascertaining and paying the damages to the abutting lot-owner, was a nuisance, which the lot-owner was entitled to have abated by injunction. (See Code, sec. 464, and *Merchants' Union Barb-wire Co. v. Railway Co.*, 70 Iowa, 105.)

(2) That the right to maintain an action against the original company for the abatement of the nuisance was not merged in the judgment for damages, and that the defendant company, under the foreclosure sale, acquired no exemption from such suit which the original company did not have. (See opinion for cases cited.)

(3) That, although the original petition in the damage suit prayed for an injunction, yet, since the judgment in that case was upon plaintiff's petition of intervention, which

contained no such prayer, the right to an injunction was not adjudicated in that suit, so as to make the judgment in that case a bar to the relief asked in this.

(4) That defendant in this case could not avoid liability on the ground that the tracks were laid in the street with the consent of the owner of the premises, given by parol; for that was a proper defense to the action for damages, and, not having been interposed by the original company in that case, defendant, its successor, is barred from pleading it in this.

(5) That, although more than five years elapsed after the tracks were laid before this suit was commenced, yet a new right of action arose against the defendant herein when it assumed to maintain the track without compensating plaintiff, which action was not barred by the statute of limitations.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, JANUARY 29, 1890.

THIS action is based upon the following state of facts: In July and August, 1883, the Des Moines, Osceola and Southern Railroad Company, the then owner of the railroad property now owned and operated by the defendant, the Des Moines and Kansas City Railway Company, without the payment of damages to the plaintiff's abutting property, laid down a railroad track in the street south of the plaintiff's property, and another track partly in an alley on the north of the plaintiff's property, which was a lot and dwelling-house fronting south; the lot being forty-four feet on the south front and running back to the alley some fifty-six feet. In a suit brought in the Polk circuit court for the May term, 1885, to recover against the then owner of the railroad, the Des Moines, Osceola and Southern Railroad Company, the damages for laying these tracks, the plaintiff, as intervenor, was subsequently adjudged to be the owner of the property, and on October 19, 1886, recovered verdict and judgment for the damages in the sum of fifteen hundred dollars. In this suit the Des Moines, Osceola and Southern Railroad Company had

appeared and filed an answer, which was subsequently withdrawn ; and, on default for want of an answer, the case was submitted to the jury for an assessment of damages, and a verdict for fifteen hundred dollars rendered, and judgment rendered thereon. The defendant herein obtained its title to the railroad property of the Des Moines, Osceola and Southern Railroad Company, through one M. V. B. Edgerly, who was the purchaser under a foreclosure sale in the federal court in October, 1887, which sale was confirmed, and possession obtained in January, 1888. The petition asks that the defendant company be enjoined from the operation of its road, and the maintaining of its tracks as laid, until the judgment obtained against the Des Moines, Osceola and Southern Railroad Company is paid. The answer is in four divisions, and presents, in substance, defenses as follows : *First.* That the suit in the federal court, by virtue of which the road was sold to the defendant company, was commenced before the action in which the plaintiff obtained the judgment which he now seeks to collect ; and that the rendition of that judgment is a merger of his cause of action therein ; and that its collection must be from the company against which it was rendered. *Second.* That the action is barred by the statute of limitations. *Third.* That the defendant company committed no acts of injury against the plaintiff, and that the plaintiff's remedy is merged in the former judgment. *Fourth.* That the tracks were placed and constructed in the street and alley by acquiescence and consent of the then owner of the property claimed to be injured. To this answer there was a demurrer, which was overruled ; and from a judgment against him the plaintiff appeals.

*Whiting S. Clark*, for appellant.

*Kauffman & Guernsey*, for appellee.

GRANGER, J.—In our consideration of the case we will speak of the Des Moines, Osceola and Southern

Railway Company as the "Osceola Company," as it is thus referred to in argument. The Osceola Company laid its track in the street in question without authority, and the plaintiff thereafter, in a proceeding at law, obtained a judgment against such company for fifteen hundred dollars, as the resulting damage, which is unpaid. Before the commencement of the suit for damages a foreclosure suit was commenced in the federal court, which resulted in a decree and sale of the road, under which the defendant now owns it.

I. The first question presented by the record is, are the rights of the plaintiff so merged in the judgment against the Osceola Company as to defeat this action? To use the logical course is to first inquire if this proceeding would be available to the Osceola Company, if it still owned the road, and the plaintiff had his judgment. Code, section 464, provides that cities shall "have the power to authorize or forbid the location and laying down of tracks for railways * * * on all streets, alleys and public places ; but no railway track can thus be located and laid down until after the injury to property abutting upon the street, alley or public places upon which such railway track is proposed to be located and laid down has been ascertained and compensated in the manner provided," etc. It is to be kept in mind that this proceeding is not, in whole or in part, for property taken by the company, but for damage to property abutting on the street because of the location of the road in the street. In such a case the plaintiff could not institute proceedings, and merely have the damage assessed. *Mulholland v. Railway Co.*, 60 Iowa, 740. His only method of having his damage judicially determined, at his own instance, is by a proceeding for judgment. It is, as we understand, conceded that upon a mere assessment by a sheriff's jury, or on appeal therefrom, if the damage is not paid, the company may be enjoined on the ground that it is a trespasser, and maintaining a nuisance. That the occupancy of a street in such a manner, without first

taking steps to ascertain the damage, and paying the same, is a nuisance, see *Merchants' Union Barb-wire Co. v. Railway Co.*, 70 Iowa, 105. As we understand, then, this question is practicallly involved : If a company or person shall become a continuing trespasser on the premises of another, and the injured party shall obtain a judgment for the damage, which, because of the insolvency of the party, or for other reasons, is not collectible, does the mere fact of obtaining the judgment divest the property-owner of the right, by other proceedings, to remove the trespasser, and abate the nuisance caused by the trespass ? If so, we naturally inquire, why ? Has the position the support of authority or reason ? We are referred to *Coy v. City of Lyons*, 17 Iowa, 1 ; *Lamb v. McConkey*, 76 Iowa, 47 ; *Hawk v. Evans*, 76 Iowa, 593 ; and *Whitaker v. Johnson County*, 12 Iowa, 596. But, with our understanding of the cases, they involve no such question. The question involved in this suit was in no way involved, nor do we see how it could have been, in the suit for damage. It is true that an injunction suit might have been in lieu of the suit for damage ; but the plaintiff had the right to prosecute his claim for damage to a judgment, with the hope or belief that when the damage was fixed it would be paid. The most that can be said of the suit for damage is that it adjudged the company a trespasser, and determined the damage. To know what right this judgment gave the defendant company, we must look to the terms of the judgment, and to the law. The judgment fixes the damage, and gives the plaintiff a right to collect the same by the ordinary processes of the court. The law (Code, sec. 464) provides that the track shall not be laid until the damage is ascertained and paid. The law contemplates both ascertainment and payment before the right of occupancy exists. We see nothing in the facts of the company becoming a trespasser, and that the plaintiff sought by other means or methods to get his pay, and failed, to create a right of occupancy in behalf of the

company. This conclusion has strong support in the cases of *Henry v. Railway Co.*, 10 Iowa, 540 ; *Richards v. Railway Co.*, 18 Iowa, 259. The case of *Conger v. Railway Co.*, 41 Iowa, 419, gives recognition to this kind of proceeding, " as a means of coercing payment of damages. See, also, *Irish v. Railway Co.*, 44 Iowa, 380, in which case there seems to have been a judgment, and not a mere assessment of damages. See, also, *Varner v. Railway Co.*, 55 Iowa, 677.

This reasoning has been on the basis of dealing with the Osceola Company. We next inquire what advantage has the defendant company that the Osceola Company could not have ? A point especially urged is that the foreclosure suit in the federal court was commenced before the suit for damage was, and that defendant company can in no way be affected by the adjudication in the damage suit. That is probably true, but we think there is a misapprehension as to the real purpose of this proceeding. If the effect of this proceeding is to establish a liability against the defendant company for the judgment in question, then the force of appellant's position is apparent. But we do not understand plaintiff to assert the defendant's liability on the judgment, but only that by its purchase it obtained no right to maintain the tracks in the streets in question ; that the Osceola Company had no such right, even after the judgment for damage ; and that the defendant company took only the rights of the Osceola Company. With this view there seems to be little room for controversy as to this branch of the case. The defendant company purchased only the Osceola Company's roads and tracks, with such rights as the company possessed. If the Osceola Company had not the right to maintain the tracks in the street, this company has not. This proceeding is to give the company its choice to pay the damage and occupy the street, as the Osceola Company might have done, or, without payment, to abandon the street, as the Osceola Company could have been required to do. The authorities cited have no

application to such a state of facts. As we view the case, the defendant company has no right to the streets, by virtue of its purchase, that should not be accorded to the Osceola Company, if it were a defendant in this proceeding.

One other point urged can best be considered in this connection. It is that in the suit for damage there was a prayer for an injunction, as in this case; and hence that the point has been adjudicated, and is a bar to this proceeding. It is doubtful if the question properly arises under the state of the record; but it is sufficient to say that the damage suit was originally commenced by one Kelly, who then owned the abutting premises, and his petition did contain such a prayer. Pending the suit the plaintiff Harbach became the owner of the premises, and the interested party adverse to the company, and came into the suit by intervention. The adjudication was finally on the issue presented by the intervention petition; and no relief is therein asked by way of injunction, nor did that proceeding involve any issue in this case.

II. The fourth division of the defendant's answer pleads that the tracks were laid upon the streets in question by the acquiescence and consent of the then owner of the abutting premises, given by parol. The demurrer, of course, admits the facts, but denies their sufficiency. The petition alleges the obtaining of the judgment against the Osceola Company for damage, and that fact stands undenied in the case, and is to be treated as a fact; and, as to the Osceola Company, that judgment operates as a merger of whatever defenses might have been pleaded in the suit. The fact that it occupied the street by the consent of the abutting property-owner, of course, could have been pleaded, and would have been, a good defense. By the neglect to so plead, that company could be barred. The defendant company is in no better position. By its purchase it succeeded to no more rights than the Osceola Company had.

III. The only remaining question requiring consideration is that of the statute of limitations. It is true that more than five years elapsed after the tracks were laid before the commencement of this suit. The case of *Pratt v. Railway Co.*, 72 Iowa, 249, is relied upon by appellee as controlling this point in the case. We, however, think the point must be ruled on a state of facts entirely different, and as to which the case has no applicability. A few words, to our minds, should be conclusive of this branch of the case. The Osceola Company, while occupying the street, was, as we have held, a trespasser. It had no right to maintain the track in that place. Having no such right, a conveyance of its interest to the defendant company could give it no such right. So far as the defendant company is concerned, its trespass began when it assumed to maintain the track in the street. Its act in this respect is entirely distinct from that of the Osceola Company. The judgment for the trespass against the Osceola Company is not against this company; and, if it pays it, it is only to secure a right in consideration of the payment. The Osceola Company had the right to pay the judgment, and continue its tracks on the street. The most that the defendant company can claim in this respect is the right to do the same thing. When the defendant company took possession of the street, a new cause of action arose. The plaintiff might permit the Osceola Company to remain, as a favor, or for other reasons. Such a privilege would not pass by a sale of the road to this company. This cause of action did not arise until January, 1888, and is not barred by the statute of limitations. The answer does not state a defense to the plaintiff's cause of action, and the district court erred in overruling the demurrer.

REVERSED.