S. E. FLICKINGER v. THE OMAHA BRIDGE AND TERMINAL
RAILWAY COMPANY, Appellant.

**Foreclosure Sale:** TITLE OF PURCHASER. The fact that neither
1 special execution for the sale of property under foreclosure, nor
the sheriff's return thereon, refers to the decree against the owner
2 of the equity of redemption, who purchased subsequent to the
mortgage, and against whom a supplemental decree was entered,
and who failed to redeem, will not invalidate the title of the
purchaser.

**Transfer of Cause of Action:** DEED. A cause of action accruing to
3 the owner of a lot, by reason of the building of a railroad on the
street adjacent, does not pass by a conveyance of the lot.

**Correction of Judgment:** NEW TRIAL. The rule that the amount
4 of the recovery, fixed by the verdict of a jury, cannot be
reduced by the court without giving the successful party the
option of a new trial, does not apply where a case is tried by the
court. Having power to correct its judgment during the term, it
may reduce the amount of a judgment, if satisfied that it is too
large.

*Appeal from Pottawattamie District Court.*—HON. N.
W. MACY, Judge.

WEDNESDAY, MAY 20, 1896.

ACTION at law to recover damages alleged to have
been caused by the location of the railway of the
defendant on a street by the side of a lot in the city
of Council Bluffs, claimed to have been owned by the
plaintiff. There was a trial by the court, without a
jury, and a judgment in favor of the plaintiff for one
hundred and twenty-five dollars. The defendant filed a
motion for a new trial, which was overruled, but the
court, at the same time, reduced the judgment to sev-
enty-five dollars. Both parties appeal, but the
defendant, having first given notice of appeal, is the
appellant—*Affirmed.*

*Greene & Breckenridge* for appellant.

*Flickinger Bros.* for appellee.

ROBINSON, J.—The district court was authorized to find the material facts in this case to be as follows: In the year 1885, A. T. Flickinger, became the owner of the lot in question. In the year 1888, he conveyed it by warranty deed to M. C. Costerison. In December of that year, Costerison gave to the plaintiff a mortgage on the lot to secure a promissory note for the sum of two hundred dollars; and in August of the next year, he conveyed the lot to T. O'Hearn, by a warranty deed, subject, however, to the mortgage. In December, 1891, the plaintiff commenced an action to recover the amount due on the note, and to foreclose the mortgage, and made Costerison and O'Hearn parties defendant. In January, 1892, a decree was rendered in favor of the plaintiff, and against Costerison, for the amount due on the note, and for the foreclosure of the mortgage, and the cause was continued as to O'Hearn. On the sixth day of the next April, a supplemental decree of foreclosure was rendered against O'Hearn, a special execution for the sale of the lot was then issued, and the lot was sold to the plaintiff; and, redemption not having been made, a sheriff's deed for the lot was issued to the plaintiff in May, 1893. The railway of the defendant was located in a street along the side of the lot in the latter part of the year, 1892, and was completed within a few months. This action was commenced in December, 1893.

I.   The appellant first contends that the plaintiff did not have title to the property, for the reason that the foreclosure proceedings were defective. The alleged defects are that the special execution for the sale of the lot recited the decree against Costerison,

but did not refer to that against O'Hearn, and that the return on the execution showed that the lot 2 was treated and sold as the property of Costerison. In other words, it is claimed that there was no sale under the supplemental decree against O'Hearn, and that Costerison had no interest in the land by reason of his conveyance to O'Hearn. The objections thus made are purely technical, without substantial merit. The interest acquired by O'Hearn was subject to the mortgage. The legal effect of the two decrees of foreclosure was the same as though the relief granted by the two had been included in one. The special execution was not issued until after the second decree was rendered, and the only right which O'Hearn had after the sale was to redeem from it. He failed to do so, and the sheriff's deed conveyed to the plaintiff the fee-simple title to the land. The fact that the execution did not refer to the decree against O'Hearn, and the omission of the sheriff to refer to O'Hearn in his notice and return, were not of a character to mislead or prejudice any one. O'Hearn was in court. His interests were foreclosed, and the interest pledged by the mortgage was sold to pay the debt to which his title was subject. He did not redeem, and does not complain of what was done. We think the defendant has no just ground for attacking the proceedings.

II. It is next urged, that the right which the plaintiff acquired through the sheriff's deed, was transferred by her before judgment in the case was rendered; and therefore, that she is not entitled to recover. It appears that the plaintiff executed to Peter C. Nelson a warranty deed for the lot, which was dated on the twenty-first day of June, 1893. It is shown, however, that it was drawn and signed at that time, in consequence of negotiations with Nelson for the sale of the lot, but that the contract was not fully

entered into until April, 1894, and the deed was then delivered as previously made. The right to damages accrued after the sale of the lot by the sheriff, and the plaintiff was entitled to recover for damages caused after the sale was made, and before she sold to 3. Nelson. Code, section 3127. The deed she gave to him did not purport to convey anything but the lot, and cannot be given the effect of an assignment of a cause of action for damages. *Pratt v. Railway Co.*, 72 Iowa, 253 (33 N. W. Rep. 666).

III. Complaint is made by the appellant of the amount of the recovery. The evidence in regard to the damages caused by the building of the defendant's railway, is conflicting, but it was sufficient to authorize a judgment for the amount fixed by the district court.

IV. The appellee complains of the action of the district court in reducing the amount of the judgment without giving her an opportunity to accept the reduced sum, or to demand a new trial. The 4 rule in a case tried by a jury is that the court cannot reduce the amount of recovery fixed by the verdict, but must give the party in whose favor it was rendered, the option to accept the reduced amount, or submit to a new trial. *Brown v. McLeish*, 71 Iowa, 383 (32 N. W. Rep. 385); *Brockman v. Berryhill*, 16 Iowa, 185; *Callanan v. Shaw*, 24 Iowa, 450; *Noel v. Railroad Co.*, 44 Iowa, 294. This rule does not apply where a case is tried by the court without a jury. The record of the court is under its control, and "may be amended, or any entry therein expunged at any time during the term at which it is made, or before it is signed by the judge." Code, section 178. This was held, in *State v. Daugherty*, 70 Iowa, 439 (30 N. W. Rep. 685), to authorize a court to set aside a judgment in a criminal case at the term at which it was entered on a plea of guilty, and to render a new judgment fixing a greater punishment. Since the

court was empowered to try the cause and render judgment for such an amount as the evidence seemed to warrant, we are of the opinion that it had power to correct that judgment by reducing the amount. The amendment was made at the term at which the original judgment was entered, and it is not claimed that the parties were absent at the time, nor that the court did not have jurisdiction of them. In this respect the case differs from that of *Insurance Co. v. Duffie*, 67 Iowa, 175 (25 N. W. Rep. 117.)

We reach the conclusion that the judgment of the district court is right, and it is, on both appeals, AFFIRMED.