STATE HIGHWAY COMMISSION *v.* FLINT *et al.*

(Division A.   Jan. 25, 1937.)

[172 So. 299.   No. 32542.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

832

**E. L. Dent, W. W. Dent** and **R. L. Calhoun,** all of Collins, for appellees.

**Cook, J.,** delivered the opinion of the court.

This suit was filed in the circuit court of Covington county by the appellees, A. A. Flint and his wife, seeking to recover from the State Highway Commission compensation for land previously taken for the right of way of a state highway running through appellees' land. There was a judgment in favor of the appellees for four hundred twenty-five dollars, from which the State Highway Commission appealed.

The case was heard before the court without a jury, upon an agreed statement of facts, and upon the further agreement that if damages were recoverable, the court might view the land and take such testimony as he desired in reference to value, and fix the amount of damages. It was agreed that appellees were the owners of the land in question when it was appropriated for highway purposes; that the highway which has been con-

structed across said land was designated as a state highway by section 61, chapter 45, Laws of 1928, Extraordinary Session, and that a strip of land eighty feet in width, and one thousand five hundred feet in length, over and across said land, was in the year 1929, and has since been, appropriated for public use. It was further agreed that such strip of land was taken without the consent of appellees, and that it has never been condemned or paid for by either the board of supervisors of Covington county or the State Highway Commission.

It was further agreed that, during the years 1929, 1930, and 1931, the said public highway was constructed over, through, and across said strip of land, and that it was constructed, paid for, supervised, and has since been maintained, by the State Highway Commission; that in 1929 the board of supervisors of Covington county contributed to the State Highway Commission the sum of twenty-nine thousand dollars as part payment for the construction of this particular highway. It was further agreed that since the completion of said highway some time in the year 1931, the roadbed has not been altered or changed, and that no damages have resulted to the appellees from or on account of the maintenance of said road since that date.

The sole contention of the appellant is that there can be no recovery against it, for the reason that the original taking of the property and the appropriation thereof to the public use occurred in the year 1929, at a time when appellant was not a body corporate, could not sue or be sued, and did not have the power to acquire rights of way by purchase or condemnation.

A State Highway Commission was created by chapter 168, Laws of 1916, and by chapter 278, Laws of 1924, the said act of 1916 was repealed, and a state highway department was created consisting of eight commissioners, with power to act in a supervisory and advisory capacity to boards of supervisors in constructing state highways, and with power to maintain the same. But it was

not until the passage of chapter 47, Laws of 1930, that the State Highway Commission was created a body corporate, with power to sue and be sued, and with power to acquire by purchase, gift, or otherwise rights of way and lands containing building material, or lands necessary for other purposes incident to the construction of a system of state highways, and also with the power of eminent domain to secure lands for any of these purposes.

When the appellant, in connection with the board of supervisors, originally took possession of the appellees' land in 1929, without due compensation therefor having been first paid, the appellant had no authority within itself to acquire the land in any way, and there was no authority to sue it for its acts in so doing, but the taking was none the less unwarranted and unlawful, and this unlawful possession, and the construction of a highway on and over the right of way so unlawfully acquired, continued until long after legislative authority to sue the appellant commission had been granted, and full authority to lawfully acquire the right of way by condemnation had been conferred on the commission. When the appellant took possession of this strip of land for public use without due compensation having been first made therefor, as required by section 17 of the Constitution of 1890, it committed a trespass which has continued until the present time; and when legislative authority to sue the commission was granted in 1930, a cause of action immediately arose in favor of appellees to recover against the commission due compensation for taking and damaging their property for the use of the public. 20 C. J. 846 and 1188; Cowan et al. v. Southern Ry. Co., 118 Ala. 554, 23 So. 754; Faulk v. Mo. River & N. W. Ry. Co., 28 S. D. 1, 132 N. W. 233, Ann. Cas. 1913E, 1130; Harbach v. Des Moines & K. C. R. R. Co., 80 Iowa, 593, 44 N. W. 348, 11 L. R. A. 113.

The judgment of the court below will be affirmed.

Affirmed.