STATE, HENRY V. BUTLER ET AL., PROSECUTORS, v. CITY
OF PASSAIC.

1. Where a common council is authorized to do an act, but the mode of
doing it is not prescribed, it may be done by resolution as well as by
ordinance.

2. The judgment of commissioners of assessment on matters of fact
within their lawful cognizance will not be reversed except upon clear
proof that it is erroneous.

On *certiorari.*

Argued at November Term, 1881, before Justices KNAPP
and DIXON.

For the prosecutors, *John S. Barkalow.*

For the defendants, *J. E. Stoutenburgh.*

The opinion of the court was delivered by

DIXON, J. This writ brings up special assessments on lands
of the prosecutors for the expense of grading and flagging the
westerly side of Main street, in the city of Passaic.

The improvement was made under the charter of 1873,
(*Pamph. L., p.* 484,) the work was completed by November,
1874, the assessment was confirmed November 3d, 1879, and
this writ issued February 2d, 1880.

The first objection urged is against the mode of changing
the commissioners of assessment. They had originally been
appointed by ordinance, but one being disqualified by his re-
lationship to a land-owner, his place was filled by resolution.
The sixty-seventh section of the charter, which authorizes the
appointing of commissioners by the council, does not prescribe
any method of doing so, and therefore it may be done by

resolution. *Green* v. *Cape May*, 12 *Vroom* 45. In other respects the appointment was approved by this court in *State, Simmons, pros.,* v. *Passaic,* 13 *Vroom* 524.

The second and third reasons are abandoned.

The remaining reasons, except the ninth, allege that all the land benefited is not included in the assessment; that the prosecutors' assessments exceed their benefits, and that the burdens are not distributed proportionally.

The work done was the improvement of a sidewalk, and the levy was confined to the land in front of which the sidewalk was made. It seems to be lawful to charge the whole cost of making sidewalks upon the contiguous property, (*State, Agens, pros.,* v. *Newark,* 8 *Vroom* 415,) and therefore no unfavorable presumption can arise from this limitation. According to the report of the commissioners, they adopted principles of assessment in strict compliance with the constitution and the law under which they were acting, and whether they applied those principles with good judgment is a matter of opinion as to facts, concerning which the court must see its way clear before it can reverse their decision. The assessment was made by the commissioners in May, 1877, after due notice, and, from that time until its confirmation, was before the common council, and was there frequently the subject of public discussion, yet none of these prosecutors had a word of objection to offer. This silence affords considerable evidence against their present complaint. The testimony adduced consists mainly of proof of the fact that occupants of other lots than those assessed could and did use the sidewalk in passing to and from the business parts of the city, and the opinions of interested persons that, therefore, these other lots were benefited. But we doubt whether such a fact would practically enhance the value of those lots to an appreciable extent, and the commissioners have declared that it does not. We are not satisfied that other commissioners could see and measure the theoretical advantage, and hence we decline to interfere with the assessment on this ground.

The ninth reason is that one of the prosecutors graded his

own sidewalk, and yet is charged for grading by the city. But the evidence shows that the city did some of it, and it does not appear that more is charged for than was done. The presumptions are in favor of the report and are not overcome by the proofs.

Let the assessment be confirmed, with costs.