W. L. HENDRICKS, et ux., *Appellants,* v. TOWN OF GREEN COVE SPRINGS, a municipal corporation, *Appellee.*

137 So. 229.

Division B.

Opinion filed October 14, 1931.

Petition for rehearing denied October 27, 1931.

L. E. *Wade*, of Green Cove Springs, for Appellants; *Edward S. Hemphill*, of Jacksonville, for Appellee.

DAVIS, J.—This case was before this Court in 1930 on appeal from order overruling demurrer to a bill of complaint and from a further order on motion to strike certain portions of the answer. The orders appealed from then were affirmed. Hendricks vs. Town of Green Cove Springs, opinion filed July 21, 1930, reported 129 Sou. 592. The case is now before the Court on appeal from final decree in favor of the complainant.

The suit was to foreclose a tax lien for municipal taxes assessed for the year 1926. The Town of Green Cove Springs was chartered by Act of the Legislature, Chapter 6350, Acts of 1911. The power to levy and collect taxes is conferred by Article 3 of the Charter Act. This act provides that the commission shall within the limitation of the act have power by *ordinance* to levy and collect taxes upon all property, etc. (Italics ours). The act did not purport to authorize the levy and assessment of taxes except by ordinance. The record shows that no

ordinance was passed authorizing the levy, assessment or collection of the tax. Appellee contends that the non-compliance with the statute is cured by the validating act, Chapter 14069, Acts of the Legislature of 1929. This Act, specifically provides that certain assessments and levy of taxes for certain years, including the year 1926, ''be, and the same are hereby validated and confirmed as to all errors, defects, informalities. or omissions which did not constitute a violation of the rights of any person or persons under the Constitution of the State of Florida or the Constitution of the United States of America.''

To summarize the facts in this case as made by the pleadings, it may be said that the appellant admits that he is a citizen and resident of Green Cove Springs, a municipal corporation, that the property upon which the taxes was assessed is his homestead, and that he has not paid the ordinary property taxes on said land since the year 1926. These taxes were on an assessed valuation of $4,000.00 and the total levy was twenty mills.

Having waited for the appellant to pay his taxes more than the two years allowed by law for redemption, the municipality brought its suit, as authorized by law, in its own name for foreclosure of the city tax lien against the appellant's property. The only excuse or defense offered against the payment being required to be made is that the Charter of the City of Green Cove Springs provides that the City shall assess and collect taxes by ordinance instead of by resolution, resolution being the method alleged to have been adopted and used in regard to the taxes involved here.

Whatever may be the merits of the case as resting upon the original provisions of the charter and the employment of a resolution instead of an ordinance as required by the Charter, it appears that in 1929 the Legislature passed a validating act, the only conceivable purpose of which was to cure what, if any, defects, omissions, in-

formalities, and the like, that may have theretofore existed in regard to the unpaid taxes of persons situated like the appellant. This Act was Chapter 14069, Acts of 1929, hereinbefore referred to.

Conceding that it was indispensable that the City proceed by ordinance instead of by resolution to assess and collect the tax, the validating act was, on its face, clearly sufficient to cure this alleged "omission", "error", "defect", and "informality".

There is no question that under the Charter of the City the City was given ample *statutory* power to levy taxes for all the purposes embraced in the original levy which is sought to be enforced in this case, so the case of Ex parte Simms, 40 Fla. 432, 25 So. 280, relied upon by the appellant for a reversal of the decree in the court below is not necessarily controlling in this case, the question here being the manner in which the power given was exercised, rather than the complete absence of power, such as was involved in the Simms case. As has been pointed out, the exercise of the power to levy taxes by resolution instead of by ordinance as provided by the Charter, even if defective, was fully cured by the 1929 validating act.

The tax roll and the manner of levying the tax was never objected to by the taxpayer before the City brought its suit to enforce the tax. Appellant has simply bided his time while the other citizens were carrying the burden of government, and he was enjoying that benefit for which the other taxpayers paid taxes on the same kind of an assessment, levied under the same kind of resolution, and for the same purposes for which this taxpayer is now being asked to pay his share.

The defect in procedure, however great, was such as was capable of being obviated by the 1929 validating act which a majority of the Court hold to be sufficient for that purpose.

Furthermore, ten mills of the tax levy was for sinking

fund requirements, the necessity for having an ordinance to cover which is not made to appear.

The levy of the contested tax by resolution instead of by ordinance was a defect or irregularity that was cured by Chapter 14069, Acts of 1929, inasmuch as the Legislature could have provided for the levy to be made by resolution originally. So the decree appealed from must be affirmed.

Decree affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BROWN, J., concurs in the opinion and judgment.

BUFORD, C.J., AND ELLIS, J., dissent.

BUFORD, C.J., dissenting: I am unable to agree with my colleagues in the majority opinion. This suit was to foreclose a tax lien for municipal taxes assessed for the year 1926. The Town of Green Cove Springs was chartered by Act of the Legislature, Chapter 6350, Acts of 1911. The power to levy and collect taxes is conferred by Article 3 of the Charter Act. This Act provides that the commission shall within the limitation of the act have power by *ordinance* to levy and collect taxes upon all property, etc. (Italics ours). My view is that the Act did not purport to authorize the levy and assessment of taxes except by ordinance. The adoption of an ordinance, therefore, was necessary to satisfy the due process clause of the Federal and State Constitutions. The record shows that no ordinance was passed authorizing the levy, assessment or collection of the tax. Appellee contends that the non-compliance with the statute is cured by the validating act, Chapter 14069, Acts of the Legislature of 1929. This Act, however, specifically provides that certain assessments and levies of taxes for certain years, including the year 1926, "be, and the same are hereby validated and confirmed as to all errors, defects, informalities or omissions which did not constitute a violation of the rights of any person or persons under the Constitu-

tion of the State of Florida or the Constitution of the United States of America.''

Whenever any tax is sought to be levied or assessed without authority of law, such attempted levy, assessment and collection is in conflict with Section 12 of the Bill of Rights of the Constitution of Florida and constitutes an attempt to deprive one of property without due process of law and, therefore, the so-called validating act did not validate an assessment and levy which had been disregarding the requirements of the due process provisions of both the Federal and the State Constitutions.

The record shows that there was in this attempted assessment a total disregard of the requirements of the charter act which was the statutory authority of the commission to levy and assess taxes.

In Ex Parte Simms, 40 Fla. 432, 25 Sou. 280, this Court said:

''Statutes conferring authority to impose taxes must be construed strictly, and delegated corporate powers to municipalities, particularly grants of power that are out of the usual range, and that may result in public burdens, or which, in their exercise touch the right to liberty or property, or any common law right of the citizen, must likewise be strictly construed; and when in such construction there is any ambiguity or doubt as to the extent of the power, it is to be determined in favor of the State or general public, and against the State's grantee.''

I deem it unnecessary to here reiterate fundamental principles of law governing the rights of municipalities and officers thereof to levy and collect taxes.

Because of the infirmities of the attempted levy and assessment, as above pointed out, there was, I think, no legal basis for the enforcement of the collection of the tax. No lien was ever created in favor of the complainant enforceable against the property of the defendant for the collection of the alleged tax. Therefore, it appears to me

that the decree should be reversed with directions that the bill of complaint be dismissed.

ELLIS, J., concurs.