**CERTAIN LOTS UPON WHICH TAXES ARE DELINQUENT, et al., v. TOWN OF MONTICELLO, FLORIDA, a municipal corporation of the State of Florida.**

31 So. (2nd) 905                                          January Term, 1947

February 21, 1947                                                En Banc

Rehearing granted April 15, 1947

Rehearing granted July 22, 1947

136

*D. A. Finlayson, Davis, Davis & McClure,* for D. A. and Mary P. Finlayson and *S. D. Clarke* for other appellants.

*Keen & O'Kelley, J. Velma Keen, A. Frank O'Kelley* and *Chas. H. Spitz,* for appellee.

BARNS, J.:

This is a case wherein the appellee City brought a suit to foreclose its tax liens against the appellant's land for the non-payment of municipal taxes for the year of 1926 and the years of 1928 to 1939 inclusive, as authorized by Chapter F. S. 173, F.S.A.

The Chancellor entered a final decree of foreclosure against the appellant and his principal assignment of error is:

"The Court erred in making and entering the final decree, . . . in that

"(a) no *levy* was made in pursuance of law;

"(b) that the evidence disclosed that no *certificate* of a majority of the town council was attached to the several tax rolls upon which the Town of Monticello relies for recovery that the Town Council had examined such tax rolls and found them to be correct;

"(c) that no *warrant* of the Tax Assessor to the Tax Collector in the form set out in the charter of the Town of Monticello was attached to the several tax rolls upon which the said Town of Monticello relies for a recovery."

Treating these items of complaint in order it appears that:

(a) the levies were by resolution and not by ordinance as prescribed by Section 18, Chapter 9026, Acts 1921.

(b) there was not attached to the assessment roll the certificate of the Town Council, that it had examined the assessment rolls and that they were found to be correct as prescribed by Section 11, Chapter 9026, Acts 1921; and

(c) the warrant of the Tax Assessor directed the Tax Collector was not attached and delivered to him, as prescribed by Section 30, Chapter 9026, Acts 1921.

In 1929 by Section One of Chapter 14572 the administrative procedure for the assessment and collection of State and County taxes was made directory whereas prior thereto much of it was mandatory. This Section is now a part of F. S. 1941, Section 192.21.

By the language of F. S. 192.21 it is not applicable to municipalities.

"Statute relating to delinquent state and county taxes held not to apply to municipal taxes and certificates (Acts 1929 [Ex. Sess.] c. 14572)" State ex rel., Dolnos Corporation v. Lehman, et al. 100 Fla. 1401, 131 So. 333.

However, where the municipality's charter made the state law applicable F. S. 192.21 will be applied.

"Holder of City of Coral Gables tax sale certificate held entitled to maintain suit under general statute authorizing foreclosure of tax sale certificate (sp. Acts 1929, c. 13972, Sec. 44; Acts 1929 [Ex. Sess.], c. 14572."Southwest Enterprise, Inc. v. Marion Frassee, et vir. 113 Fla. 770, 152 So. 175.

It appears that the City's Chapter by Section 40 of Chapter 9026 (Acts 1921) providing:

"All the provisions for the State Law for the enforcement and collection of State and County taxes shall avail the said municipal government hereby created as fully and completely as is embodied therein, insofar as the same does not conflict with the provisions of this charter."—when considered together with F. S. 192.21 has made directory the provisions of the charter for the assessment and collection of Monticello taxes since 1929 whereas before they may have been construed as mandatory.

Section 18 of the City's Charter (Chapter 9026) provided that the levy of taxes should by ordinance as distinguished from resolution and neither Chapter 14572 nor F. S. 192.21 attempt to make procedural matters relating to the levy of taxes directory.

It appears since 1929 by reason of said Section 40 of Chapter 9026 (Acts 1921) and Section 1 of Chapter 14572 as

carried forward in F. S. 192.21 F.S.A. that the administrative procedure relating to the assessment and collection of taxes of Monticello has become directory instead of mandatory.

It further appears that if Section 18, of Chapter 9026 relating to the levy of taxes is mandatory the attempted levy by resolution instead of ordinance has been cured by the Florida Statutes 1941 containing the following:

"All cities and towns which now are and for ten years last past have been exercising municipal governments are declared legally incorporated."—F.S. 165.23, F.S.A.

"All acts and doings of cities and towns included in Sec. 165.23, and of the government and officers of the same, done under any law of the State of Florida, are declared valid; and said municipal corporations and governments, and all the officers of the same, shall have the powers and privileges granted by law, approved February 4, A. D. 1896, and all subsequent laws relating to municipal corporations and the governments of the same."—F.S. 165.24, F.S.A.

It also appears that these two last quoted Sections cured any irregularities relating to the assessment and collection of such taxes.

Affirmed.

THOMAS, C.J., CHAPMAN and ADAMS, J., concur.

TERRELL and BUFORD, JJ., dissent.

SEBRING, J., not participating.

BUFORD, J., dissenting:

I think that the levy could not have been legally authorized except by ordinance. I do not think Sec. 265.24 Fla. Statutes 1941 (same F.S.A.) was sufficient to ratify the assessment theretofore made in such manner as not to comply with applicable law and not affording due process of law. This section is too indefinite to effectuate that purpose. See Hendricks v. Town of Green Cove Springs, 103 Fla. 87, 137 So. 229.

TERRELL, J., concurs.

BUFORD, J.:

The pertinent facts involved in this case are stated in the original opinion filed herein on February 21st 1947.

Chapter 9026 Special Acts of the Legislature of 1921 is the Municipal Chapter of the Town of Monticello.

Section 18 of that Act confers the power of taxation on the municipality in the following language:

"That the Town Council shall have the power *by ordinance* to levy and collect taxes upon all property, real, personal and mixed, within the corporate limits of the Town for municipal purposes;" (Emphasis supplied).

Thus it is seen that in the very beginning the power to tax was specifically limited so that it could be exercised only by ordinance.

The taxes involved in this suit were attempted to be levied by resolution and not by ordinance; therefore, the charter power "by ordinance to levy" was not exercised in this regard.

If the charter had conferred the power to levy taxes without limiting the power to do so "by ordinance," a different question might have been presented.

Section 3 of Article IX of our Constitution provides:

"No tax shall be levied except in pursuance of law." This provision applies to municipalities. Graham v. West Tampa, 71 Fla. 605, 71 So. 926; Lainhart v. Catts 73 Fla. 750, 75 So. 47.

The material difference between ordinances of the town of Monticello and Resolutions of the Town Council is that there is no provision requiring the publication of a Resolution or requiring the participation by the Mayor while Section 11 of the Charter Act provides as to ordinances:

"Sec. 11. That every ordinance passed by the council, before becoming a law, shall be presented to the Mayor under the certificate and seal of the Clerk. If the Mayor approves the same, he shall sign it and return it to the Clerk, but if not he shall return it to the Clerk with his objections in writing at or before the next regular meeting of the Council for reconsideration, and if the Council shall pass the ordinance by a two-thirds vote of all members present, it shall go into effect. If the Mayor shall fail to return any ordinance or shall return the same unsigned without objections in writing at or before the next regular meeting of the Council after its

passage, he shall be deemed to have approved the same and it shall become a law without his signature. All ordinances receiving the approval of the Mayor, or becoming a law without his approval, shall go into effect within five days after its first publication."

Section 41 of the Charter Act, supra, provides:

"Sec. 41. All the powers, privileges and provisions of the general law for the incorporation of cities and towns, when not in conflict with the terms of this Act, shall be and the same are hereby made a part of this Charter."

The charter act makes no specific provision for the publication of ordinances. Therefore, under Sec. 41, supra, we must look to the general law for that provision. We find that to be Sec. 165.20, Fla. Statutes 1941 (same F.S.A.), which reads as follows:

"The city or town council shall keep or cause to be kept a regular record of their proceedings and ordinances, and they shall promulgate, without unnecessary delay, all laws and ordinances which they may enact by posting at the door of the city or town hall and at the public market place, or by publishing the same in any newspaper in said city or town, in either case for a period of not less than four weeks."

This makes it clearly apparent that a resolution by the City Council will not suffice where the operation of an ordinance is required.

Municipal corporations possess no inherent power of taxation. The exercise of such power must find its warrant in the statutes or the Constitution. See 38 Am. Juris. 68, Sec. 381, also Clark v. Des Moines, 222 Iowa 317, 267 N.W. 97, citing RCL; State ex rel, Emerson v. Mound City, 335 Mo. 702, 73 S.W. (2nd) 1017, 94 ALR 923 (stating that cities and like municipal corporations have no inherent power to levy and collect taxes); Weyerhaeuser Timber Co. v. Roessler, 2 Wash. (2nd) 304, 97 P (2nd) 1070, 126 ALR 882; Booten v. Pinson, 77 W. Va. 412, 89 SE 985, LRA 1917A 1244. Also Boyd v. Selma, 96 Ala. 144, 11 So. 393, 16 LRA 729; Southern Exp. Co. v. R. M. Rose Co., 124 Ga. 581, 53 SE 185, 5 LRA (NS) 619;

O'Bryne v. Savannah, 41 Ga. 331, 5 Am. Rep. 532; Zoercher v. Agler, 202 Ind. 214, 172 NE 186, 907, 70 ALR 1232; Kansas

City v. J. I. Case, Threshing Mach. Co. 337, Mo. 913, 87 SW (2nd) 195, citing RCL; Trephagen v. South Omaha, 69 Neb. 577, 96 NW 248, 111 Am. St. Rep. 570; People ex rel Metropolitan Street R. Co. v. State Tax Comrs. 174 NY 417, 67 NE 69, 63 LRA 884, 105 Am. St. Rep. 674; Edgerton v. Goldsboro Water Co. 126 NC 93, 35 SE 243, 48 LRA 444, overruled on another point in Wadsworth v. Concord, 133 NC 587, 593, 45 SE 948; Bates v. Bassett, 60 Vt. 530, 15 A 200, 1 LRA 166. See also Cooley on Taxation 329.

If the municipal corporation attempts to exercise the power of levying an advalorem tax on property within the municiality when such power has not been granted, such levy is ultra vires and void. See 38 Am. Juris. 68, Sec. 381, and cases there cited.

In 38 Am. Juris. page 72, Sec. 385, it is said:

"With respect to the extent and limits of municipal taxing power, it is a generally recognized principle that a grant by the legislature of the taxing power to a municipal corporation is to be strictly construed. It is likewise an established rule that the authority of municipalities to levy a tax must be made clearly to appear, and that doubts, if any, as to the power sought to be exercised, must be resolved against the municipality; the power to tax is a separate, independent power, and exists in municipal corporations only to the extent to which it is clearly conferred by their charters or other state statutes, and its existence cannot be inferred or deduced from other powers conferred. In language often used to describe the limits of municipal power in general, power to levy taxes must be granted to a municipal corporation in excess words or be necessarily or fairly implied in or incident to the powers expressly granted, or be essential to the accomplishment of the declared objects and purposes of the corporation."

Authorities there cited amply support the text.

We might stop our labors at this point with judgment of reversal, but there is more that may properly be said.

The right of appellant to contest the attempt to foreclose the alleged tax lien without the tender of payment of any tax is settled by our opinion and judgment in the case of City of

Winter Haven et al. v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 So. 360, wherein we said:

"The general rule is that before a suit to set aside a tax assessment, tax sale certificate, or other lien for unpaid taxes, can be maintained, the complainant must, as a condition precedent, pay or offer to pay as the court or statute may require all taxes that could have been legally assessed against the property. When the validity of the entire tax is being contested as in the case at bar because of utter lack of power to impose it, this rule is not applicable. In such cases the complainant will not be required to pay any part of the tax as a condition to the granting of a preliminary injunction. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439; Hillsborough County v. Temple Terrace Asset Co., 111 Fla. 368, 149 So. 473."

Also see City of Ft. Myers v. Heitman, 149 Fla. 203, 5 So. (2nd) 410.

In Ex Parte Robert W. Sims, 40 Fla. 432, 25 So. 280, it was said:

The general rule is that statutes conferring authority to impose taxes must be construed strictly. Mosley, Governer, etc. v. Tift, 4 Fla. 402. Another general rule universally recognized is that delegated corporate powers to municipalities, particularly grants of power that are out of the usual range and that may result in public burdens, or which, in their exercise touch the right to liberty or property, or any common law right of the citizen, must be strictly construed, and when in such construction there is any ambiguity or doubt as to the extent of the power it is to be determined in favor of the State or general public, and against the State's grantee. 1 Dillon's Mun. Corp. Nos. 89-91; Ex Parte Mayor of Florence In Re: Jones, 78 Ala. 419; City of Canton v. Nist, 9 Ohio St. 439; Kniper v. City of Louisville, 7 Bush. (Ky.) 599; City of Brenham v. Brenham Water Co., 67 Texas 542; Hanger v. City of Des Moines, 52 Iowa 193, S.C. 35 Am. Rep. 266; City of Corvallis v. Carlile, 10 Oregon 139; Minturn v. Larue 23 How. (U.S.) 435; Williams v. Davidson, 43 Texas 1; Kirkham v. Russell, 76 Va. 956."

In the Ozark Corporation v. W. A. Pattishall etc., 135 Fla. 610, 185 So. 333, we said:

"A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, and a disregard of them might and generally would affect his rights, they cannot be disregarded and a failure to comply with them will render the proceeding invalid. Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 So. 928; Townsend v. Brown, 69 Fla. 155, 67 So. 869; McLeod v. Williams, 73 Fla. 383, 74 So. 408; Orlando v. Equitable Building and Loan Association, 45 Fla. 507, 33 So. 986; Stark v. Sawyer, 56 Fla. 596, 47 So. 513."

It has been generally recognized that in cases where the municipal charter does not require a tax levy to be made by ordinance the municipality may proceed either by ordinance or resolution to levy and assess taxes.

In 51 Am. Juris. page 614, Sec. 647, it is said:

"It seems hardly necessary to cite authorities to support the proposition that in order to have a valid tax there must be a levy of taxes and an assessment. To 'levy' a tax means to raise or collect a tax—to impose or assess a tax and collect it under authority of law. 'Levy' is the legislative act, whether state or local, which determines that a tax shall be laid."

In support of this text 1 Cooley on Taxation, 3rd Ed., page 546, is cited. There it is said:

"The power to tax being legislative, there must be distinct authority of law for every levy upon the people under that power. The authority may come from the constitution, which, in exceptional cases, will provide for the levy of a specific tax, or for a tax for some defined purpose; but in general the authority will come from the legislature, and must be expressed in statutory form. The rule is one which applies to federal taxation and to taxation in every state in all its phases,

whether it be taxation for state purposes and directly by the state itself or taxation for municipal purposes and by municipal bodies, or taxation in the form of local assessments. And in the case of local taxation there must commonly be two distinct acts of legislation: first, that by the state giving the power to tax, and second, that by the local legislative or *quasi*-legislative authority, laying the tax under the power so given."

In the same volume of Am. Juris. page 617, Sec. 651, it is said:

· "The obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the method pointed out by the express statute."

In Dillon's Municipal Corporations, 4th Ed., note on page 384, it is said:

"Resolutions and Ordinances Discriminated.—A resolution is an order of the council of a special and temporary character; an ordinance prescribes a permanent rule of conduct or government. Blanchard v. Bissett, 11 Ohio St. 96, 103, per Scott, J. Where the charter commits the decision of a member to the council and is silent as to the mode, the decision may be evidenced by a resolution and need not necessarily be by an ordinance. State v. Jersey City, 3 Dutch (N.J.) 493; Merch. Union B. Wire Co. v. Chicago B Y Q Co., 70 Iowa 105; Butler v. Passaic, 44 N.J.L. 171. But if the organic law requires an act to be done by ordinance, or if such requirement is implied by necessary inference, a resolution is not sufficient. Newman v. Emporia, 32 Kan. 456; Hunt v. Lambertville, 45 N.J.L. (16 Vroom) 279 (a resolution granting authority to build a sewer set aside).

"Resolution or vote held equivalent to formal ordinance in a case where the latter was not expressly required by the charter or statute. Merch. Union B. Wire Co. v. Chicago B & Q R. Co. 70 Iowa 105. In State v. Bayonne, 6 Vroom (35 N.J.L.) 335, resolutions and ordinances are discriminated, and the latter said to require more solemnity than the former. A resolution adopted by a city council, not approved by the mayor, and not published in the manner required by the charter, has not the effect of an ordinance."

In Cooley on Taxation, Vol. 3, 4th ed. Sec. 1018, the author says:

"Statutes sometimes fix the method of making a levy, in which case, of course, the statutory method must be at least substantially followed. An ordinance levying an annual tax is not invalid, although not according to the prescribed form, unless the charter or governing law makes such formality vital."

And again, on page 2061, it is said:

"If, by statute, a municipal levy must be made by ordinance, an ordinance cannot be dispensed with."

In The People ex rel. v. Miller, 112 Ill. 113, it was held:

"The act of May 23, 1877, relating to municipal taxes, requires the assessment and collection of such taxes, in all cases, to be in the manner provided for in Article 8 of the general Incorporated law, which is by an ordinance fixing the appropriations and levying the amount, and certifying a copy thereof to the county clerk; and without observing these prerequisites the tax levied will be invalid."

In Newman v. City of Emporia, 32 Kan. 456; it was held:

"All the proceedings seem to be fair and just, and all the proceedings subsequent to the passage of the above-quoted resolution were regular, except that the work was done and the taxes levied only under and in pursuance of resolutions passed by the city council, and was not done under or in pursuance of ordinances passed by the mayor and council. Held, (1) Under the circumstances of this case, the above-quoted resolution, though irregular, in not expressly declaring that the improvements on Sixth Avenue were necessary, would be valid if all the other proceedings subsequent thereto were valid. But held (2) the work should have been done and the taxes levied under and in pursuance of city ordinances, and that, as the work was not so done nor the taxes so levied, the taxes were void when levied, and that they could not by ordinance or otherwse be so ratified as to become valid. And therefore, held (3) the taxes levied upon the plaintiff's lot must be considered as void, and be entitled to an injunction to restrain the collection of the same."

In Story, Prosecutor v. City of Bayonne, 35 N. J. Law 335, the Court said:

"The grading of a street or road under the charter of the city can only be done by ordinance. Laws of 1869, pp. 384 and 394. An ordinance requires more solemnity than a resolution, (No. 30) ; and, besides, an improvement of that character must be regularly applied for and advertised before the ordinance is passed. (No. 55.) No ordinance has been passed for the purpose, and the resolution has no effect, in itself, to accomplish the object intended. This objection is fatal. State, Gleason, pros. v. Town of Bergen, 4 Vroom 72; State, Jersey Associates, pros. v. Jersey City, 5 Vroom 32."

In the City of Central v. Sears, 2 Colo. 588, the Court said:

"The claim for salary is based upon a resolution of council adopted May 3, 1866 by which $50 per month was allowed to the marshal, to commence on the first of May in that year. The resolution does not appear to have been approved by the mayor, or published in the manner required by the charter, and therefore it cannot have effect as an ordinance of the city. Whether it should be regarded as fixing the salary of the marshal throughout the year 1867-8, for which appellee claims the right to recover, is the question to be determined. That some of the powers conferred by the charter may be exercised by resolution of council, or in any other manner which may indicate the will of that body, is not and cannot be denied, and it is equally plain that other powers are of a legislative character, and can only be carried into effect by ordinance. In the 38th section, power to enact ordinances for purposes of carrying into effect provisions of the charter is expressly conferred, and generally the authority conferred upon the council is to be performed in that way. Express authority is given in the 35th section to fix the compensation of city officers, and it is desirable that this should be done by ordinance so that both the officers and the public may know what is to be paid. Smith v. Com. etc., 41 Penn. St. 335.

"The resolution adopted in the year 1866 may, perhaps, be regarded as fixing the compensation of the marshal then in office, but cannot have the effect to fix the salary of that

officer for all time. For that purpose an ordinance adopted and published with the forms prescribed by the charter was necessary, and it does not appear that any such existed, the right of appellee to recover such compensation cannot be sustained. I Dillon on Municipal Corp. No. 169."

In Hunt v. Lambertville, 45 N. J. Law 279, it is said:

"The section of the charter by which alone the prosecutor claims the power is conferred is the forty-ninth to the effect that it shall be lawful for the council, whenever, in their opinion, the public good requires it, by ordinance . . . , to order and cause sewers or drains to be constructed in any part of said town, etc. If this claim be well founded, it is plain that an ordinance is requisite, and a resolution passed with less formality is insufficient and illegal. State v. Bayonne, 6 Vroom 335; State v. Hoboken, 6 Vroom 205."

See also Hendricks v. Town of Green Cove Springs, 103 Fla. 81, 127 So. 229.

So it is clear that no tax was lawfully levied against the lands of D. A. Finleyson here in controversy. The fact that other land-owners in the municipality during the time here involved paid their taxes as purported to be assessed is immaterial because it is elementary that if one pays the tax which he is not bound or obligated to pay, such payment is in law a voluntary contribution. It is also elementary that one cannot be required by legal proceedings to contribute to a fund merely because others have contributed to that fund.

The Town having been vested by its charter with the power to levy taxes, it was competent for the legislature by appropriate Act (prior to judicial adjudication) to validate the levies as made.

By the adjudication of the invalidity of the levies as made, the Town is not estopped from making a levy "by ordinance" for three years back taxes.

Unless the provisions of Sec. 165.24 Fla. Statutes 1941 (same F.S.A.) may be construed as a validating act curing the infirmities of the purported assessment, the decree of the court below must be reversed.

If this section is effective for any purpose, which is doubtful, it certainly cannot be effective to validate the tax as-

sessments here under consideration. First, Sec. 165.24 F.S.A. is too general to be effective. A curative Act contemplates that the legislature has been advised of the nature of the matters done and performed which it purports to validate, ratify or confirm and any law as general as the aforesaid section which attempts to validate any and all acts and doings of a class of officers or public corporations is too general to be effective as a valid exercise of legislative power. If it purported to validate the tax levy here attacked, it purported to validate any irregularity by the City of Pensacola and its officers which may have occurred in a proceeding to suspend a municipal employee and to validate any irregularity committed by the City of Tallahassee in a proceeding to widen any street; it purported to validate any irregularity which may have occurred by the City of Jacksonville in proceedings to issue bonds; it purported to validate any irregularity which may have occurred in the City of Key West in proceedings to establish a park, and so on ad infinitum. It attempted to operate on as many different subjects as there are cities and towns coming within its purported purview within the State of Florida and also for its subject matter has many different irregularities and otherwise void acts as have been committed by the municipal officers of each of the cities and towns of Florida coming within its purview.

We have held that where there are valid special or local laws relating to the powers of government of particular municipalities that are in conflict with the general statutory law, such local or special laws will prevail. Ferguson v. McDonald, 66 Fla. 494, 63 So. 915; Sanders v. Howell, 73 Fla. 563, 74 So. 802; City of Apalachicola v. State, 93 Fla. 921, 112 So. 618; Volusia County v. Del-Air Corp., 157 Fla. 316, 25 So. (2) 804.

If Sec. 165.34, supra, had purported to validate only all the tax levies and assessments made by the several cities and towns of the State of Florida it might be held valid on authority of our opinion and judgment in Cranor v. Commissioners of Volusia County et al., 54 Fla. 526, 45 So. 455. It is not certain, however, that it could be so held for the reason that the validating act involved in the Cranor case

was a general law validating certain actions of the County Commissioners performed under authority of a general law, while Sec. 165.34 is a general law purporting to validate unspecified acts done by municipalities and the officers thereof under special and local laws.

Although the provisions of this section first appeared in Chapter 1885 Acts of 1872, the opinions promulgated in Florida Reports since that date failed to disclose that it has ever been relied upon to validate anything.

The record shows several other vital defects and infirmities in the levy and assessment of taxes here involved but, if the reasons set forth above are not sufficient to make the levy and assessment void, then it follows that no other irregularities, omissions or commissions can be held to do so. Therefore, we shall not discuss such other matters except to say that in our opinion there is no merit in the contention that appellant is barred by laches from asserting the invalidity of the levy and of the assessment. No duty devolved upon him to move to contest the levy and assessment until the Town of Monticello moved to enforce the collection of the tax so levied and assessed. When the town did so move, then the appellant promptly interposed his defense. It is a universal rule that there must be a valid levy and assessment of taxes before any lien for taxes and before the land-owner is required to take any affirmative action.

For the reasons stated, the decree should be reversed with directions that the bill of complaint be dismissed.

It is so ordered.

TERRELL and BARNS, JJ., and PARKS, Associate justice, concur.

THOMAS, J. C., CHAPMAN and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

The power to tax was granted. The power was exercised in an erroneous manner but it is not made to appear that for such reason the tax-payer should be relieved, therefore I am of the opinion the decree appealed from should be affirmed.