QUESTION: Does the City of Naples have the authority under the Home Rule Act to impose an excise tax in the form of a documentary stamp tax upon transfers of real property within the city?
SUMMARY: Neither s. 166.201, F.S. (Municipal Home Rule Powers Act), nor any other general law grants the power to municipalities to levy an excise tax in the form of a documentary stamp tax on transfers of real property within municipal territorial boundaries. In the absence of the grant of such power by general law, Art. VII, ss. 1 and 9, State Const., serves to preempt this form of taxation to the state and to inhibit the imposition of such excise tax by municipalities. Your question is answered in the negative. In City of Tampa v. Birdsong Motors, Inc.,261 So.2d 1 (Fla. 1972), the Supreme Court was concerned with an analogous situation and stated: Taxation by a city must be expressly authorized by either the constitution or grant of the Legislature, and any doubts as to the powers sought to be exercised must be resolved against the municipality and in favor of the general public. Certain Lots, Etc. v. Town of Monticello, 159 Fla. 134,31 So.2d 905 (1947). Statutes authorizing a municipality to tax are to be strictly construed, are not to be extended by implication, and are not to be enlarged so as to include any matter not specifically included, even though said matter may be closely analogous to that included. City of Miami v. Kayfetz, 158 Fla. 758,30 So.2d 521 (1947). Article VII, s. 1(a), State Const., provides that all forms of taxation other than ad valorem taxes on real estate or tangible personal property are preempted to the state, except as provided by general law. Article VII, s. 9, State Const., similarly limits the taxing powers of municipalities: (a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution. (Emphasis supplied.) It is clear from the foregoing constitutional provision that, except for ad valorem taxes, municipalities may be granted the power to levy any tax only by general law, and any municipal excise taxes not so authorized must necessarily fall by virtue of the aforecited constitutional preemption clause. Birdsong Motors, Inc., supra, at p. 3. Section 166.201, F.S., created by s. 1, Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, provides: 166.201 Taxes and charges. — A municipality may raise, by taxation and licenses authorized by the constitution or general law, or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law. (Emphasis supplied.) Section 166.201, F.S., is no authority for imposition of the excise tax in question since this section does not grant any taxing power. The right to determine the subjects of taxation is within the legislature's prerogative, subject to the controlling constitutional limitations. Belcher Oil Company v. Dade County, 271 So.2d 118, 122 (Fla. 1972). The legislature having failed to specifically grant the power to impose the excise tax in question by general law, Art. VII, s. 1(a), State Const., operates to effectively preempt this form of taxation to the state and together with Art. VII, s. 9(a), of the Constitution, to inhibit the imposition thereof. Birdsong Motors, Inc., supra; Belcher Oil Company, supra; cf. AGO 071-54.