QUESTION:
May the Legislature authorize the use of, or pledge, the first gas tax by joint resolution?
SUMMARY:
The Legislature may not authorize the use or pledge of the first gas tax by joint resolution under s. 339.12(5)(d), F. S.
Section 339.12(5)(d), F. S., provides:
 (d) The department shall not use or pledge the proceeds of the first gas tax on any revenue-producing transportation project without legislative approval. (Emphasis supplied.)
The funds collected from the first gas tax are transferred into the `State Transportation Trust Fund,' to be used for `the construction and maintenance of state roads as otherwise providedby law, under the direction of the Department of Transportation.' (Emphasis supplied.) Section 206.46, F. S. Also see s. 206.45(1), F. S., establishing the `State Transportation Trust Fund' for use as provided by law. The plain language of the foregoing statutory provision limits approval for the use of the first gas tax to laws enacted by the Legislature. The important consideration is, then, whether legislative approval of the use of the first gas tax byresolution for the proposed Dames Point Bridge Project and related North/South Connectors satisfies the statutory requirements of ss. 339.12(5)(d), 206.45(1), and 206.46, F. S.
Most jurisdictions recognize a distinction between `resolutions' and `laws.' See, e.g., Baker v. City of Milwaukee, 533 P.2d 772,775 (Ore. 1975) (resolution is not law but merely expression of Legislature's opinion); State ex rel. Jones v. Asherbury,300 S.W.2d 806, 817 (Mo. 1957); Village of Altamont v. Baltimore O.S.W. Ry. Co., 56 N.E. 340, 341 (Ill. 1900). Although some constitutions provide to the contrary, `the general rule is that a joint or concurrent resolution adopted by the Legislature is not a statute, does not have the force or effect of law, and cannot be used for any purpose for which an exercise of legislative power is necessary.' 73 Am. Jur.2d Statutes s. 3, p. 270. Accord: 77 C.J.S.Resolutions, p. 314 (a resolution is not a law). Resolutions are generally considered to be a temporary act, a declaration of the will of the Legislature in a given matter, unlike laws which are a continuing and permanent rule of government. See Certain Lots Upon Which Taxes are Delinquent v. Town of Monticello, 31 So.2d 905
(Fla. 1947); Brown v. City of St. Petersburg, 153 So. 141 (Fla. 1933).
In Florida, joint resolutions are often regarded as similar to bills. See, e.g., s. 7, Art. III, State Const. (signing of bills or joint resolutions); s. 15.07, F. S. (deposit of joint resolutions with Department of State, cf., In re Apportionment Law, 281 So.2d 484 [Fla. 1973]) (due process requires that resolutions meet same basic requirements as laws). Once a bill has been passed by the Legislature, however, it must be presented to the Governor for approval. Section 8, Art. III, State Const. The State Constitution vests in the Governor as the chief executive of the state a qualified power to veto legislation. This power cannot be abrogated or limited by the Legislature. See Amos v. Gunn,94 So. 165 (Fla. 1922). A bill becomes law if approved and signed by the Governor or if he fails to veto it within 7 consective days after presentation (15 if the Legislature adjourns or takes recess). Section 8, Art. III, State Const. The purpose of this provision is to insure the Governor's consideration of every bill before it becomes law.
A resolution passed by the Legislature is not subjected to the Governor's scrutiny. The Governor has no authority to review these resolutions prior to their becoming effective. Cf. Ginley v. Scott, 164 A.2d 424, 430 (Pa. 1960) (resolution may be adopted by either or both houses of Legislature, does not require Governor's signature or approval to validate it, and is not subject to be vetoed by Governor). Thus, it appears that distinction between a resolution and a law is, in part, due to the method of approving these measures. A resolution ordinarily is passed without the forms and delays normally required by the Constitution as a prerequisite to the enactment of valid laws. 77 C.J.S.Resolutions, p. 314. To permit a resolution, therefore, to satisfy the statutory mandate that approval be by law circumvents the safeguards contained in the Constitution and the Governor's authority and constitutional duty to review legislation. On the basis of the foregoing, I must conclude that a resolution is not a law.
However, a more difficult question is whether the `legislative approval' standard of s. 339.12(5)(d), F. S., is satisfied by the passage of a concurrent resolution. Section 206.46, F. S., appropriates annually all sums of money necessary to provide for the payment of the construction and maintenance of state roads by the Department of Transportation from the State Transportation Trust Fund. Compare s. 1(c), Art. VII, State Const. I am unaware of any Florida decision which has construed the language in question in s. 339.12(d)(d), or any other statute containing a similar provision. However, because public moneys contained in the State Treasury and the taxing power of the state are involved in this issue, I am inclined to the view that, pending legislative or judicial clarification, the phrase `legislative approval' as used in s. 339.12(5)(d) contemplates an official act of the Legislatures as opposed to a concurrent resolution.
It should be noted, however, that a bill is presently before the Legislature which provides that, subject to certain conditions, the Legislature is not required to approve the use of the funds for the Jacksonville Expressway System under s. 339.12(5)(d), F. S.: H.B. 1558 (1977).
Prepared by: Sharyn L. Smith Assistant Attorney General Joslyn Wilson Legal Research Assistant