B. Paul Pettie Margate City Attorney Pompano Beach
QUESTION:
May a municipality pursuant to s. 316.008(1)(d) and (f), F. S., control and regulate certain traffic movement under s. 316.008, F. S., by resolution or may it act only by ordinance?
SUMMARY:
A municipality controlling and regulating traffic movement within its jurisdiction under police power delegated to it under ss.316.002 and 316.008(1)(d) and (f), F. S. (the Florida Uniform Traffic Law), must exercise such power and enact such traffic regulations by ordinance which has the effect of and is enforceable as a local law rather than by and in the form of an administrative resolution.
In 1971, the Florida Legislature enacted Ch. 316, F. S., the Florida Uniform Traffic Control Law, in order to `make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities,' s. 316.002, F. S. The Legislature, recognizing that in about 50 percent of the incorporated municipalities within the state the movement of traffic was controlled by Ch. 186, F. S. 1969, while traffic in the remaining municipalities was controlled by a `hodgepodge of ordinances which vary as to language and penalty' resulting in an inconvenience and hazard to travelers, consolidated the existing state traffic laws contained in Ch. 317, F. S. 1969, the traffic ordinances contained in Ch. 186, F. S. 1969, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinances into one `workable uniform law throughout the state and all its municipalities and political subdivisions.' See the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, F. S.
The Legislature recognized that there are conditions which require municipalities to pass certain other traffic ordinances regulating municipal traffic, and it expressly specified that s. 316.008, F. S., enumerates the area within which the municipalities are authorized to control certain traffic movement in their respective jurisdictions. Section 316.002, F. S. Section 316.002 also makes it unlawful for a municipality to pass or attempt to enforce any ordinance in conflict with the provisions of Ch. 316. Section316.007, F. S., provides that the provisions of Ch. 316 shall be applicable and uniform throughout the state and in all political subdivisions and municipalities therein, `and no [municipality] shall enact or enforce any ordinance on a matter covered by [Ch. 316] unless expressly authorized.' Section 316.008 provides such express authorization for the `certain other traffic ordinances in regulation of municipal traffic' and `the area within which municipalities may control certain traffic movement or parking' referred to in s. 316.002 and expressly authorizes municipalities, with respect to streets and highways under their jurisdiction andwithin the reasonable exercise of the police power, to designate `particular highways or roadways for use by traffic moving in one direction,' and `any street as a through street or . . . any intersection as a stop or yield intersection.' Section316.008(1)(d) and (f), F. S.
Section 166.021(1), F. S., implements s. 2(b), Art. VIII, State Const., and, among other things, delegates to municipalities the governmental power to enable them to conduct municipal government and authorizes them to exercise any power for municipal purposes except where expressly prohibited by law. The aforestated provisions of ss. 316.002 and 316.007, F. S., operate to and have the effect of expressly prohibiting any such legislative actionunder the police power by the several municipalities. Moreover, these and other provisions of Ch. 316, F. S., constitute an express preemption of this area of traffic control and regulation to the state within the contemplation of s. 166.021(3)(c). Sections 316.002, 316.007, and 316.008(1), F. S., expressly provide for and represent exceptions to the state's exclusive or preemptive jurisdiction by expressly authorizing municipalities and other local authorities to control and regulate certain traffic movement or parking on the streets and highways within their jurisdiction in the reasonable exercise of the police powerdelegated to them by the Legislature.
Section 316.008, F. S., however, is silent as to whether the action of the governing body of a municipality in regulating traffic should be in the form of an ordinance rather than a resolution, nor does Ch. 166, F. S., specifically address the issue. Section 166.041(1)(a), F. S., however, defines `ordinance' as used therein to mean `an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local laws,' (Emphasis supplied.) while `resolution' is defined as `an expression of a governing body concerning matters of administration, an expression
of temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body.' (Emphasis supplied.) Section 166.041(1)(b), F. S. The enactment of any local legislation `enforceable as a local law' under the delegated police power of the state is the exercise of the local governments's legislative and governmental power, not the exercise of administrative authority or an `expression of the governing body' in connection with the administrative business of the municipality or its governing body. See also 5 McQuillinMunicipal Corporations ss. 15.01 and 15.02 (an ordinance is distinctively a legislative act); 73 Am. Jur.2d Statutes s. 3, p. 270 (resolution adopted by Legislature is not a statute, does not have the force or effect of law, and cannot be used for any purpose for which an exercise of legislative power is necessary); 77 C.J.S. Resolutions. Resolutions are generally considered to be a temporary act, a declaration of the will of the Legislature in a given matter unlike laws which are a continuing and permanent rule of government. See Certain Lots Upon Which Taxes Are Delinquent v. Town of Monticello, 31 So.2d 905 (Fla. 1947); Brown v. City of St. Petersburg, 153 So. 141 (Fla. 1933).
The designation of a street as a one-way street for the movement of traffic or a street as a through street or an intersection as a stop or yield intersection is a legislative act exercised under the police power, s. 316.008(1), F. S. See also s. 316.088, F. S., which permits local authorities to designate any highway or roadway or part thereof under their respective jurisdictions as one-way as indicated by official traffic control devices; s.316.089(3), F. S., providing that official traffic control devices may be erected which direct specified traffic to use a designated lane or to move in a particular direction; s. 316.123, F. S., providing for stop or yield intersections; and s. 316.074, F. S., requiring the driver of any vehicle to obey the applicable instructions of any lawfully placed traffic control device. While s. 316.008 does not specify whether the prescribed regulation of traffic within a municipality shall be by ordinance or resolution, various provisions within Ch. 316, F. S., use the term ordinance with respect to local regulation. See, e.g., s. 316.002, F. S., which states that the `legislature recognizes that there are conditions which require municipalities to pass certain otherordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipality.' (Emphasis supplied.) See also v. 316.007, F. S., stating that `no local authority shall enact or enforce anyordinance on a matter covered by this chapter unless expressly authorized.' (Emphasis supplied.)
Moreover, s. 166.041(1)(a), F. S., defines `ordinance' to mean `an official legislative action . . . enforceable as a local law,' but `resolution' is defined by subsection (1)(b) to mean `an expression of a governing body concerning matters of administration' or `an expression of a temporary character,' or `a provision for the disposition of a particular item of administrative business.' The Legislature has not provided that a resolution is an official legislative action, as distinguished from an administrative action, or that such administrative `expressions' or resolutions are `enforceable as a local law,' or by criminal punishment or by civil penalties as Ch. 316, F. S., is enforced pursuant to its terms and the terms of Ch. 318, F. S. The discriminating language employed by the Legislature in s.166.041(1)(a) and (b), F. S., manifests the legislative intent that the legislative and governmental power of the municipalities be exercised by ordinance or by `official legislative action of [their] governing bod[ies] . . . enforceable as a local law.' Such is particularly true of local legislation under the delegated police power enforceable by the imposition of penalties in the nature of criminal punishment or civil penalties. See s. 6(b), Art. V, State Const., which provides that the jurisdiction of the county court shall be prescribed by general law, and s. 20, Art. V, State Const., which prescribes that, until changed by general law consistent with the provisions of Art V, the county courts have original jurisdiction of all violations of municipal ordinances and the jurisdiction formerly exercised by the municipal courts (now abolished). Section 34.01, F. S., implements and substantially restates these constitutional provisions. Seealso s. 316.660, F. S., which provides for the monthly payment to the municipality of all fines and forfeitures received by a county court for violations of Ch. 316 `or from violations of anyordinances adopting matter covered by this chapter, committed within a municipality' (Emphasis supplied.); and s. 34.191, F. S., which provides that all fines and forfeitures received by the county court from violations of municipal ordinances committed within a municipality within the territorial jurisdiction of the county court shall be paid monthly to the municipality with certain exceptions not material to the instant question. It should also be noted that under s. 901.15(1), F. S., a peace officer (including municipal police officers) may arrest without a warrant for violations of municipal ordinances occurring in the presence of the officer or upon fresh pursuit, and subsection (5) provides that, when a violation of Ch. 316 has been committed in the presence of the officer, such arrest may be made immediately or on fresh pursuit; however, such arrest power does not embrace or extend to violations of municipal administrative `expressions' or resolutions.
The foregoing considerations make evident the compelling need that such `official legislative action' or `regulation of a general and permanent nature' or `reasonable exercise of the police power' be by a duly enacted ordinance rather than a resolution. In the absence of such an ordinance, the police and the courts are not constitutionally or statutorily vested with any authority and jurisdiction to enforce the proscribed traffic offenses and regulations. Accordingly, based upon the foregoing considerations, I must conclude that a municipality, in exercising the police power delegated to it by ss. 316.002 and 316.008(1)(d) and (f), F. S., to control and regulate the traffic movement therein provided for within the municipality's jurisdiction, must exercise such power and enact such traffic regulations by `official legislative action' or ordinance, which has the effect of and is enforceable as a local law rather than by a resolution.
Prepared by: Joslyn Wilson, Assistant Attorney General