PER CURIAM.
The City of Miami seeks reversal of a temporary injunction enjoining the abolition of the Little Havana Community De *259 velopment Board (Board). We find the injunction to have been improperly imposed and reverse.
The Congress has enacted legislation which provides funds for community development. Under this legislation, grants for state and local community development programs are prohibited unless assurances are given by the locality that there will be citizen participation in the development of its program. 42 U.S.C.A. § 5304(a)(6); 24 C.F.R. § 570.303 (1979). The City of Miami applied for a block grant under this program.
To facilitate community participation, the City of Miami Commission established the Board by resolution adopted on April 30, 1979. The resolution provided for the election of the fifteen-member advisory group from within the Little Havana area. They were duly elected on July 30, 1979 to serve a one-year term. After finding that the Board did not provide an opportunity for residents to voice their opinions and had alienated resident participation within the area, the City Commission, by resolution adopted January 24, 1980, abolished the elective Board and replaced it with an appointive board. The present action was commenced by two-thirds of the members of the elected Board in their individual capacities.[1]
We find nothing in the Federal Housing and Community Development Act of 1974, nor the regulations which implement it [24 C.F.R. § 570.1, et seq. (1979)], which restricts the implementing authority in determining the manner and means of community input. It is clear that the Act requires community input; however, this input is advisory in nature. The fact that the Board was established by resolution demonstrates its temporary nature. Certain Lots Upon Which Taxes Are Delinquent v. Town of Monticello, 159 Fla. 134, 31 So.2d 905 (1947).
It is the general rule that the power to create an office generally includes the power to modify or abolish it even though the office is occupied by a duly elected incumbent. City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617 (1922); 9 Fla.Jur.2d Civil Servants § 20; 63 Am. Jur.2d Public Officers and Employees § 33. Where an incumbent does not have a contractual or property interest in an office, it may be abolished at any time. 63 Am. Jur.2d Public Officers and Employees § 34.
In this instance, the City of Miami Commission was authorized to create the Board and was privileged to abolish it. For the foregoing reasons, the temporary injunction is reversed with directions to dismiss the complaint.
Reversed.

. While we decide this case upon the merits, we might have disposed of it on the question of standing. The Little Havana Community Development Board was an advisory board created by the City of Miami Commission. By its nature, it was subservient and not autonomous. Autonomous bodies of government have the power to either bring suit or be sued. North Miami Beach Water Board v. Gollin, 171 So.2d 584 (Fla. 3d DCA 1965). This Board did not. The fact that the choice of those who would voice the community’s opinions was determined by election did not bestow upon the members of the Board a property right in the office. Absent a contractual or property right in their respective positions, the Board members had no standing to bring suit for injunction in their individual capacity. Being a subservient body, they could not sue in their collective capacity either.