677 So.2d 396 (1996)
ALACHUA COUNTY, Florida, a Political Subdivision of the State of Florida, and the City of Gainesville, an Incorporated Municipality Within Alachua County, Florida, Appellants,
v.
Dwight ADAMS, Individually, as a Citizen and Taxpayer of Alachua County, Florida, Appellee.
No. 96-257.
District Court of Appeal of Florida, First District.
July 25, 1996.
Robert L. Nabors and Harry F. Chiles of Nabors, Giblin & Nickerson, P.A., Tallahassee, Special Counsel, for Appellants.
Marion J. Radson, Gainesville, for Appellant City of Gainesville.
Mary A. Marshall, Gainesville, for Appellant Alachua County.
*397 Joseph W. Little, Gainesville, for Appellee.
BOOTH, Judge.
This cause is before us on appeal from a declaratory judgment holding chapter 94-487, Laws of Florida, to be an unconstitutional special act. We affirm.
The issue here is the validity of a special act permitting Alachua County to use tax revenues raised under a general law for a purpose not enumerated in (and, indeed, prohibited by) that general law.
Florida Statute section 212.055(2), a general law, authorizes Florida counties to levy an infrastructure surtax and use the proceeds therefrom for certain enumerated purposes. The statute expressly provides, however, that "[n]either the proceeds [of the surtax] nor any interest accrued thereto shall be used for operational expenses of any infrastructure...."
Chapter 94-487, Laws of Florida, a subsequently enacted special act, purported to expand section 212.055(2) to allow Alachua County and its municipalities to use the surtax revenues "for operation and maintenance of parks and recreation programs and facilities established with the proceeds of the surtax."
Under the authority of section 212.055(2) and chapter 94-487, Alachua County and its municipalities entered into an interlocal agreement to, inter alia, "provide for the dedication of the use of Surtax proceeds by the County and all municipalities within the County to the ... maintenance of recreation facilities and the provision and operation of recreation programs in the implementation of a countywide recreation partnership."
Taxpayer Adams disputed the constitutionality of chapter 94-487 and the interlocal agreement, and threatened to seek to enjoin Alachua County and the City of Gainesville from pursuing referendum approval of the surtax.[1] Alachua County and the City of Gainesville consequently sought a declaratory judgment on the matter and, after briefing by the parties, the trial court held in pertinent part:
Defendant ADAMS has demonstrated that Chapter 94-487, Laws of Florida, is an unconstitutional special law that purports to authorize Alachua County to levy a sales surtax that has not been authorized by general law. Defendant ADAMS is thus entitled to a judgment on the pleadings. It is therefore ORDERED AND ADJUDGED that ... Chapter 94-487, Laws of Florida, is declared to be an unlawful special act of the Legislature which purports to amend Alachua County's power to levy the local government infrastructure surtax prescribed in Section 212.055(2), Florida Statutes, in violation of Article VII Section 1(a) Florida Constitution.
On appeal, Alachua County and the City of Gainesville draw a distinction between the power to tax and the power to spend, and argue that only the former must be authorized by general law under the Florida Constitution.[2]
Adams asserts that the power to spend is inextricably inherent in the power to tax under section 212.055(2); that any expansion of a county's power to spend is therefore a de facto expansion of its power to tax under the statute; and that under the Florida Constitution, any such expansion must therefore be by general law.
Appellants rely on Rowe v. Pinellas Sports Authority, 461 So.2d 72 (Fla.1984), wherein a general law allowed Florida counties to levy a tourist development tax to "be pledged to secure and liquidate revenue bonds issued by the county for the purposes" of, inter alia, building stadiums. § 125.0104, Fla. Stat. (1983) (emphasis added). A subsequent special act chartered the Pinellas Sports Authority *398 ("PSA") and empowered Pinellas County to pledge non-ad valorem moneys (including revenues from the tourist development tax) to the payment of revenue bonds issued by the PSA. Rowe, 461 So.2d at 77. Pinellas County thereafter passed ordinances imposing the tourist development tax and, under a subsequent interlocal agreement to build a stadium with the City of St. Petersburg and the PSA, proceeds of the tax were committed to pay a portion of the debt service on bonds issued by the PSA. Certain taxpayers sought declaratory and injunctive relief, but the trial court entered a final judgment validating issuance of the bonds.
On direct appeal to the Florida Supreme Court, the taxpayers argued, inter alia, that under the general law the county's tourist development tax revenues could not be pledged to pay off bonds issued by a governmental entity other than the county. The Florida Supreme Court in Rowe rejected this argument, holding (Rowe, 461 So.2d at 77):
When a special act (such as the PSA charter) and a general law conflict, the special act will prevail. Because ... the PSA charter was enacted by subsequent special act, the authority for the pledging of tourist development tax revenues by the county to secure obligations issued by the PSA controls over any limitation imposed upon such a pledge by [the subject general law].
In Rowe, the county was pursuing an ultimate purpose (building a stadium) that was specifically authorized by the general law. The same cannot be said in the present caseAlachua County is attempting, under the subject special act, to use the tax revenues at issue for an ultimate purpose (maintaining infrastructure) not authorized, and, indeed, prohibited by, the subject general law.
The pledging of tax revenues at issue in Rowe is significantly distinguishable from the ultimate use of tax revenues at issue in the present case. When a taxing statute specifies the ultimate use of revenues raised thereunder, any change in that ultimate use must surely be considered a change in the tax itself. The Florida Supreme Court's holding in City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1, 3 (Fla.1972), is instructive in this regard:
Taxation by a city must be expressly authorized by either the constitution or grant of the Legislature, and any doubts as to the powers sought to be exercised must be resolved against the municipality and in favor of the general public. Certain Lots, Etc. v. Town of Monticello, 159 Florida 134, 31 So.2d 905 (1947). Statutes authorizing a municipality to tax are to be strictly construed, are not to be extended by implication, and are not to be enlarged so as to include any matter not specifically included, even though said matter may be closely analogous to that included.
See also Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla.1972)(citing Birdsong, holding that "a municipality may exercise a taxing power only to the extent to which such power has been specifically granted to it by general law.").
Appellants' distinction between taxing and spending in this case is unpersuasive and largely semantic. As the Florida Supreme Court recently held in a different context, "the power of a municipality to tax should not be broadened by semantics...." State v. City of Port Orange, 650 So.2d 1, 3 (Fla. 1994). Accordingly, the judgment below holding chapter 94-487, Laws of Florida, unconstitutional, is affirmed.
AFFIRMED.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Such referendum approval is required under section 212.055(2)(a)(1).
[2] See Art. VII, § 1(a), Fla. Const. ("All other forms of taxation [other than ad valorem taxes] shall be preempted to the state except as provided by general law."); Art. VII, § 9(a), Fla. Const. ("Counties ... may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."); Art. III, § 11(a)(2), Fla. Const. ("There shall be no special law or general law of local application pertaining to ... assessment or collection of taxes for state or county purposes....").