PER CURIAM.
In the underlying case, the trial court enjoined the election scheduled for March 14, 2000, because City of Miami Charter Amendment No. 1 results in an illegal recall in violation of the mayor’s due process rights. On appeal, as below, the City argues, citing City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617 (1922), and Hall v. Strickland, 170 So.2d 827 (Fla. 1964), that there has been no illegal recall and that the changes to the mayor’s duties resulting from the charter amendment effectively abolish the office.
After carefully reviewing the record, we agree with the trial court’s determination that, “[i]n the present case, the amendment effected only a change from an ‘executive’ to an ‘administrative’ mayor by eliminating the position of city manager and redistributing the [city] manager’s powers, some to the mayor and some to the commission.” Further, we agree with the trial court’s analysis that the cases cited by the City are distinguishable because the changes to the mayor’s duties as prescribed by the charter amendment neither expressly abolish the office itself, nor alter the method of selection of the office, nor change the qualifications of the office. Adding responsibilities to the office does not constitute “abolishment” of the office of mayor.
We affirm the injunction of the election scheduled for March 14, 2000, and because of the time constraints involved, we preclude any motions for rehearing and deem this opinion final.
Affirmed.